355 So.2d 158 (1978)
FORD MOTOR COMPANY, a Delaware Corporation, Petitioner,
v.
Glenda Dale NELSON, Yvonne McClean, Gladstone Granza, Herman Nelson, Jessie Hollingsworth and Yvonne Freeman, Respondents.
No. 77-505.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for petitioner.
Wallace B. McCall of Johnson, Ackerman & Bakst, West Palm Beach, for respondents.
DOWNEY, Judge.
By Petition for Writ of Certiorari Ford Motor Company seeks review of an order of the trial court striking Ford's affirmative defense of failure to use available seat belts in a suit arising out of an automobile accident.
The question presented arises as a result of an interlocutory order in a case formerly cognizable at law. Thus it may be reviewed by Writ of Certiorari if the action of the trial court constitutes a departure from the essential requirements of law and there is no full, adequate and complete review available to petitioner by plenary appeal from the final judgment.
From petitioner's viewpoint the operative word here is "adequate" because petitioner states in its brief:
"If Ford must wait until after final judgment for review of this matter, it faces the possible expense of two trials. Certiori should lie to review the order as it would be a waste of judicial time and labor for review to be delayed until after final adjudication."
But that argument is applicable in almost every erstwhile common law action in which a pleading has been stricken or such a motion denied. If the ruling is error and it could have affected the outcome of the case, then a second trial may be necessary. The cases are not entirely consistent on this point, but this court has answered petitioner's contention in a number of recent cases. Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); Solitron Devices, Inc. v. Reiland, 311 So.2d 729 (Fla. 4th DCA 1975); Simpson v. Broward County, 241 So.2d 193 *159 (Fla. 4th DCA 1970). We see no reason not to follow those cases which adhere to the traditional concepts of review by common law certiorari.
Accordingly, the petition for writ of certiorari is denied.
DENIED.
DAUKSCH and MOORE, JJ., concur.