356 So.2d 1278 (1978)
Verden J. PRATT et al., Appellants,
v.
Arthur DURKOP, Etc., et al., Appellees.
No. 77-763.
District Court of Appeal of Florida, Second District.
March 15, 1978.
Rehearing Denied April 19, 1978.
*1279 Verden J. Pratt, in pro per.
Mark Hicks of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellees The Gillette Co.
DANAHY, Judge.
Appellants were plaintiffs below in this action for wrongful death. They appeal an order of the trial judge dismissing their amended complaint with prejudice.
Plaintiffs/appellants filed their first complaint on January 26, 1976, the last day of the two-year limitations period prescribed by Section 95.11(4)(d), Florida Statutes (1975), applying to actions for wrongful death. The record does not reveal the reason, but it is clear that no summons was issued with respect to that complaint.
Plaintiffs/appellants filed an amended complaint on January 25, 1977. Summons was issued the next day and service of summons was made on defendant/appellee The Gillette Company on February 1, 1977. Gillette raised the defense of the statute of limitations, contending that the timely filing of the original complaint did not toll the running of the statute of limitations because summons with respect to that complaint was not issued "forthwith" as required by Fla.R.Civ.P. 1.070(a). The trial judge agreed and dismissed the cause with prejudice. We reverse.
Our decision is based on what we perceive to be the proper interpretation of Fla.R. Civ.P. 1.050 and 1.070(a) when read in conjunction with Section 95.11(4)(d), Florida Statutes (1975). Rule 1.050 provides:

Every action of a civil nature shall be deemed commenced when the complaint or petition is filed except that ancillary proceedings shall be deemed commenced when the writ is issued or the pleading setting forth the claim of the party initiating the action is filed. (Emphasis added).
Rule 1.070(a) provides as follows:

Upon the commencement of the action summons or other process authorized by law shall be issued forthwith by the clerk or judge under his signature and the seal of the court and delivered for service without praecipe. (Emphasis added).
Section 95.11 provides, in subparagraph (4)(d), as follows:
Limitations other than for the recovery of real property.
Actions other than for recovery of real property shall be commenced as follows:
.....
(4) Within two years
.....
(d) an action for wrongful death. (Emphasis added).
As to when an action is commenced for purposes of our statute of limitations, we have found only one expression by the Supreme Court of Florida. In Klosenski v. Flaherty, 116 So.2d 767 (Fla. 1960), a presumably valid service of summons on the defendant was made, but the return of service was lost. In the context of that factual situation, the supreme court made the following observation:

*1280 It should be noted that, since the repeal of Section 95.01, Fla. Stat., by Chapter 29737, Laws of Florida, Acts of 1955, F.S.A., the provisions of Rule 1.2 [now Rule 1.050], Fla.Rules Civ.Proc., are controlling, so that the statute of limitations is tolled by the filing of the complaint in a civil action.
In McArthur v. St. Louis-San Francisco Railway Company, 306 So.2d 575 (Fla. 1st DCA 1975), cert. denied, 316 So.2d 293 (Fla. 1975), the District Court of Appeal, First District, had occasion to consider the question now before us. In that case, the complaint was filed within the applicable limitations period, but service of process was not made until two weeks later, after the limitations period expired. The court held that the commencement of the action by the filing of the complaint met the requirements of Section 95.11. The court made it clear that the action was not barred simply because service of process took place after the expiration of the limitations period. As to the "forthwith" command of Rule 1.070(a), the court held that the requirement of prompt issuance of the summons without praecipe applies to the clerk or judge and not to the plaintiff. We agree.
In the case before us, there was a twelve-month delay in issuance and service of summons. The question is whether that long a delay should cause us to reach a result different from that in McArthur, supra, where there was only a two-week delay. We think not.
We find persuasive a decision of the United States Court of Appeals for the Eighth Circuit in Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gas Co., 347 F.2d 921 (8th Cir.1965), cert. denied, 383 U.S. 925, 86 S.Ct. 927, 15 L.Ed.2d 845 (1966), which considered a twenty-month delay in service of process. The action there was a federal antitrust action and a federal statute of limitations applied. The court was called upon to construe two federal rules of civil procedure which are the counterparts of Fla.R.Civ.P. 1.050 and 1.070(a). They are:
Rule 3. Commencement of action. A civil action is commenced by filing a complaint with the court.
Rule 4. Process. (a) Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants.
The issue before the court was whether the filing of the complaint, without more, was a commencement of the action sufficient to toll the statute of limitations or whether, as defendant contended, in addition to the filing of the complaint, reasonable diligence in obtaining service of process was required.
In its decision for the plaintiff, the court of appeals specifically held that the "forthwith" requirement of Federal Rule 4(a) places a duty on the clerk to issue summons forthwith and to deliver it for service. The court went on to say that the mere filing of a complaint stops the running of the federal statute of limitations and that the only diligence required by the federal rules is in the filing of the complaint.
Based on these authorities, we hold that the requirement of the Florida statute of limitations is met when an action is commenced within the applicable limitations period, and that, under our rules of civil procedure, an action is commenced by the filing of a complaint.
We realize that, while the rule does not so provide, it is normal practice for attorneys to prepare summons or other process, obtain its issuance by the clerk, and deliver it for service; the clerk does not, as a rule, initiate the procedure for issuance of the process nor does he deliver it for service. Thus delay, if any, will usually be attributable to plaintiff's counsel. Nevertheless, *1281 we believe that the "forthwith" requirement of Rule 1.070(a) clearly applies to public officials (the clerk or judge), not to plaintiffs.
Urging a different result, Gillette argues that not to require due diligence on the part of a plaintiff in service of summons would produce a situation in which plaintiffs, after the timely commencement of their actions, fail to obtain service of process and merely file pleadings annually to avoid dismissal for failure to prosecute,[1] while in the meantime, defendants are unaware of the actions, witnesses disappear, and evidence grows cold. We believe that, in addition to the authority of the court to dismiss for failure of plaintiff to prosecute, the desire of plaintiffs generally to prosecute their cases and preserve evidence can be relied upon to prevent such a result. In any event, we cannot judicially engraft upon a rule of civil procedure a condition setting a time limitation for issuance and service of process, whether a fixed time or a requirement of due diligence.[2] We simply hold that no such time limitation can be found in our present rules.
This case is reversed and remanded with instructions to reinstate plaintiffs/appellants' amended complaint.
SCHEB, Acting C.J., and OTT, J., concur.
NOTES
[1] Whether dismissal under Fla.R.Civ.P. 1.420(e) could thus be avoided seems doubtful.
[2] A time limitation was once proposed for Federal Rule 3 (commencement of action), but rejected. See Messenger v. United States, 231 F.2d 328 (2d Cir.1956).