362 So.2d 397 (1978)
PROFESSIONAL MEDICAL SPECIALTIES, INC., and Beverly M. Jones, Personal Representative of the Estate of Quentin R. Jones, Deceased, Petitioners,
v.
Aileen RENFROE, Personal Representative of the Estate of Tommie E. Renfroe, Deceased, et al., Respondents.
The GARRETT CORPORATION, Air Research Manufacturing Division, Petitioner,
v.
Aileen RENFROE, Personal Representative of the Estate of Tommie E. Renfroe, Deceased, et al., Respondents.
Nos. 78-659, 78-764.
District Court of Appeal of Florida, Fourth District.
August 23, 1978.
J. Thomas Cardwell of Akerman, Senterfitt & Eidson, Orlando, for petitioner  The Garrett Corp.
John C. Briggs of Robertson, Williams, Duane & Lewis, Orlando, for petitioners  Professional Medical Specialties, Inc., and Beverly M. Jones.
George E. Adams of Adams & Hill, Orlando, Donald L. Salem of Luce, Forward, Hamilton & Scripps, San Diego, Cal., and Arthur Sherman of Sherman & Nordstrom, West Los Angeles, Cal., for respondents.
DOWNEY, Chief Judge.
By petitions for writs of certiorari we have for review orders of the trial court denying motions to compel answers in a discovery deposition.
The action involved is one for wrongful death. Suit was commenced one day before the Statute of Limitations expired, but process was not served until six months later. Petitioners raised the Statute of Limitations as a defense and by way of discovery sought to garner the facts surrounding *398 the delay in service of process so that they could assert that lack of due diligence in service of process nullified the filing of the suit before the Statute of Limitations had actually run. In order to prove those facts petitioners took the deposition of a lawyer for respondents. He refused to answer the questions propounded regarding the filing of this action and the Court refused to require him to do so. It is this latter judicial act we are asked to review.
There are numerous Federal cases holding due diligence in service of process is required in order to enable one to rely upon the act of filing suit to toll the running of the Statute of Limitations. The Second District Court of Appeal has held recently in Pratt v. Durkop, 356 So.2d 1278 (Fla. 2nd DCA 1978), that the timely filing of suit is all that is required to stop the statute from running. Neither the Supreme Court of Florida nor this Court has spoken to the precise question.
We are sorely tempted by expedition to resolve the question presented, but that is not a proper reason for granting certiorari. Expediency and the possible saving of time and expense do not constitute grounds for granting review of interlocutory orders by common law certiorari. Should we grant certiorari in discovery questions such as this, this Court would become inundated in the review of such a multitude of discovery questions that our present docket predicament could but worsen. Accordingly, we decline to grant the writ in this case because the issue presented can be resolved upon plenary appeal. We reaffirm the rule announced in Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975).
Petitions for writ of certiorari are DENIED.
ANSTEAD and LETTS, JJ., concur.