393 So.2d 1201 (1981)
The HAWAIIAN INN OF DAYTONA BEACH INC., a Florida Corporation, Petitioner,
v.
SNEAD CONSTRUCTION CORPORATION, a Florida Corporation et al., Respondents.
No. 80-1319.
District Court of Appeal of Florida, Fifth District.
February 18, 1981.
Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for petitioner.
Kinsey, Vincent, Pyle, Williams & Tumbleson, Daytona Beach, for respondent Snead Construction Corporation.
Horton, Perse & Ginsberg and Welbaum, Zook & Jones, P.A., Miami, for respondent American Employers' Insurance Company.
COWART, Judge.
This is a petition for a writ of common law certiorari to "reverse" an interlocutory order of the trial court denying petitioner's motion for leave to file a second amended complaint. The petitioner argues extensively that the trial court should permit the desired leave to amend under Florida Rule of Civil Procedure 1.190(a) and case law. Petitioner may be correct in its arguments but that is not the point here.
Common law certiorari is a remedy when the lower court is acting without jurisdiction or its order will itself constitute or permit irreparable injury or such order *1202 constitutes a departure from the essential requirements of law.[1] Even in those cases, the reviewing court, traditionally and correctly, can only quash the offending order and cannot direct action in the trial court. The existence of some other present and adequate remedy, such as appeal, may prevent injury from being legally irreparable and thereby preclude common law certiorari but this does not mean that certiorari is available merely because no immediate remedy by appeal from a non-final order is available. An appeal after judgment is an adequate remedy for an ordinary reversible error for which no appeal is provided in Florida Rule of Appellate Procedure 9.130(a)(3), which lists several types of non-final orders reviewable by appeal. Orders denying leave to amend are not included.
In this case the circuit court has jurisdiction of the parties and the subject matter; its hearing, decision and order denying leave to amend comport with procedural due process and, therefore, do not depart from those essential requirements of law. If the order is erroneous, it can be corrected on plenary appeal. The possibility that the trial court is committing reversible error by denying leave to amend and that this case might ultimately be reversed for a new trial for that reason, with the resulting waste of time and money, exists in all cases and does not mean that an appeal after final judgment is "inadequate."[2] Appellate courts should interfere with the trial judge's conduct of a case before judgment to a minimum extent to prevent harassment and delay in the orderly administration of justice. Certiorari is an extra-ordinary remedy and is not a writ of expediency and should not be used to circumvent the rule authorizing appeal from only a few non-final orders.[3] The petition for certiorari is
DENIED.
COBB and SHARP, JJ., concur.
NOTES
[1] See Dairyland Insurance Company v. McKenzie, 251 So.2d 887 (Fla. 1st DCA 1971).
[2] See Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980); Professional Medical Specialties, Inc. v. Renfroe, 362 So.2d 397 (Fla. 4th DCA 1978); Ford Motor Company v. Nelson, 355 So.2d 158 (Fla. 4th DCA 1978); Whiteside v. Johnson, 351 So.2d 759 (Fla. 2d DCA 1977); and Wright v. Sterling Drugs, Inc., 287 So.2d 376 (Fla. 2d DCA 1973); Haddad, Certiorari in Florida, 29 U.Fla.L.Rev. 207, 223 n. 126 (1977).
[3] Scheuer v. Wille, 370 So.2d 1166 (Fla. 4th DCA 1979).