396 So.2d 281 (1981)
MILLER CONSTRUCTION COMPANY, INC., and the American Insurance Company, Appellants,
v.
The FIRST BAPTIST CHURCH OF LIVE OAK, INC., Appellee.
No. ZZ-17.
District Court of Appeal of Florida, First District.
April 8, 1981.
George H. Russ, of Davis, Russ & Nichols, Leesburg, for appellants.
Ernest A. Sellers, of Airth, Sellers & Lewis, Live Oak, for appellee.
PER CURIAM.
This was brought as an appeal from an order denying defendant's motion to dismiss the complaint and to compel arbitration. It *282 is brought from a nonappealable order, but we treat it as common law certiorari. See Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980).
In 1975 the First Baptist Church of Live Oak and Miller Construction Company of Leesburg entered into a contract whereby Miller Construction would build a church in Live Oak. Included in the contract was a standard arbitration clause which provided:
All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof ... shall be decided by arbitration in accordance with the Construction of Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. (Emphasis added.)
In November, 1978, the Church filed suit in Suwannee County alleging default because of substantial defects. Before Miller answered or in any way responded, the Church voluntarily dismissed the suit in accord with an agreement between the parties which required Miller to correct the deficiencies.
A new action which alleged identical grounds as the first was filed in April, 1980. Miller responded with a motion to dismiss and a motion to compel arbitration. After a telephone hearing, the trial judge denied Miller's motions.
The point presented on appeal is whether Miller waived his right to arbitration.
A party may impliedly waive its right to arbitration by engaging in conduct which is inconsistent with that right. Seville Condominium No. 1, Inc. v. Clearwater Development Corp., 340 So.2d 1243 (Fla. 2d DCA 1976). In Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla.3d DCA 1966), the defendant answered plaintiff's complaint without raising the arbitration issue, counterclaimed upon the same contract, allowed the cause to proceed for five and one-half months, and allowed the jury to be impanelled. Only after the jury was impanelled did the defendant raise the defense of arbitration. The Third District Court of Appeal held that the conduct of the defendant amounted to a waiver of the arbitration provision in the contract and thus the trial court had erred in staying the proceeding and in directing the parties to proceed with arbitration.
In the case sub judice, the Church's contention that Miller waived his right to arbitration is without merit. Miller's conduct in attempting to resolve the dispute amicably and without any formal proceeding was not inconsistent with his right to arbitration. After all, arbitration, like litigation, is not needed until the parties are at an apparent impasse and a third entity is deemed necessary to render a decision. Furthermore, there was no undue delay on Miller's part in moving to compel arbitration after all settlement attempts had failed.
Thus, the only waiver in this case was on the part of First Baptist Church when it commenced suit in the circuit court. Since there has been no "mutual agreement" to suspend arbitration, we find that the trial court erred in denying appellant's motions to dismiss and to compel arbitration.
For the reason stated, certiorari is granted and the order is quashed with directions to the trial court to issue an order directing the parties to proceed with arbitration pursuant to the terms of their agreement and staying the legal proceeding pending arbitration, pursuant to Section 682.03(3), Florida Statutes (1967).
McCORD, ROBERT P. SMITH, and ERVIN, JJ., concur.