404 So.2d 359 (1981)
SCHOOL BOARD OF MARION COUNTY, Florida, a Body Corporate, Petitioner,
v.
The Honorable Carven D. ANGEL, Circuit Court Judge of the Fifth Judicial Circuit in and for Marion County, Florida, Respondent.
No. 81-534.
District Court of Appeal of Florida, Fifth District.
May 13, 1981.
*360 Gary C. Simons of Savage, Krim, Simons & Fuller, P.A., Ocala, for petitioner.
No appearance for respondent.
COWART, Judge.
In this original proceeding (Fla.R.App.P. 9.100(a)) for a writ of prohibition, petitioner, The School Board of Marion County, seeks to restrain the respondent trial judge from exercising jurisdiction over an action brought against the school board.
A group of citizens instituted a class action seeking to quash portions of the school *361 board's resolution levying a tax. The school board moved to dismiss the complaint on the ground that section 194.171, Florida Statutes (1979), provides that an action seeking to contest a tax assessment shall be dismissed unless the taxpayers involved shall have paid to the collector all taxes which the taxpayer in good faith admits to be owing. The trial judge denied the motion to dismiss. The school board now seeks to prohibit the trial court from proceeding in the matter, alleging that the trial court's erroneous ruling on the motion of dismiss deprives it of jurisdiction.
The purpose of prohibition is for a superior court to prevent an inferior court from exceeding its jurisdiction or usurping jurisdiction over matters not within its jurisdiction. English v. McCrary, 348 So.2d 293 (Fla. 1977). Prohibition is only available where no other adequate remedy, such as appeal, is available. Id. at 297. In determining whether to grant the writ, "a clear distinction is drawn between assumption of jurisdiction to which the court has no legal claim and erroneous exercise of jurisdiction with which it is invested." Id. at 298. Therefore, the writ will lie to prevent an inferior tribunal from acting in excess of its jurisdiction, but will not be available to prevent an erroneous exercise of that jurisdiction.
Here, prohibition is improper for two reasons. First, the court's denial of the motion to dismiss does not affect its subject matter jurisdiction over the substance of the complaint. See State ex rel. Eli Lilly and Co. v. Shields, 83 So.2d 271 (Fla. 1955); State ex rel. Atlantic Paper Co. v. Herin, 80 So.2d 331 (Fla. 1955) (prohibition is not available to review the correctness of a ruling on a motion to dismiss raising personal jurisdiction over the defendant); Hendry v. Lewis, 59 So.2d 854 (Fla. 1952) (prohibition is not available to review granting of motion to set aside judgment); Gay v. Ogilvie, 47 So.2d 525 (Fla. 1950) (denial of a motion to dismiss because of improper venue is not reviewable by prohibition). Second, prohibition is not available here because the denial of the school board's motion to dismiss is an error properly raised on appeal.
Florida Rule of Appellate Procedure 9.130(a)(3) authorizes review of only a few designated interlocutory non-final orders. Orders denying motions to dismiss complaints are not included. An appeal after judgment is considered an adequate remedy for other ordinary reversible errors. A trial court's jurisdiction either as to subject matter or over the person of a defendant never depends on whether a ruling it makes is correct or not. Prohibition, like certiorari, is an extraordinary remedy that is concerned with the jurisdiction or authority of the trial court to act and should not be used to circumvent the rule limiting appeals of non-final orders.[1] The petition for writ of prohibition is
DENIED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] See The Hawaiian Inn of Daytona Beach, Inc. v. Snead Const. Corp., 393 So.2d 1201 (Fla. 5th DCA 1981).