401 So.2d 908 (1981)
N. Craig McALLISTER, General Contractors, Inc., Petitioner,
v.
Raymond A. GIROUX and Jame A. Giroux, Respondents.
No. 80-1754.
District Court of Appeal of Florida, Second District.
July 24, 1981.
*909 Robert P. Rosin of Rosin, Abel, Band, Brown & Russell, Sarasota, for petitioner.
Henry P. Trawick, Jr., of Trawick & Griffis, P.A., Sarasota, for respondents.
PER CURIAM.
Petition granted and the trial court's order denying petitioner's motion to stay is quashed and the court below is directed to stay the respondent's complaint. See Raymond, James & Associates, Inc. v. Maves, 384 So.2d 716 (Fla.2d DCA 1980).
DANAHY and CAMPBELL, JJ., concur.
OTT, A.C.J., concurs specially with opinion.
OTT, Acting Chief Judge, concurring specially.
We are returning this case to the court below with instructions to stay proceedings pending the arbitration demanded by petitioner in accordance with the construction contract between the parties.
I am not opposed to arbitration, per se. I believe it can be an expedient and useful tool in resolving many controversies which now clutter the courts and impede the orderly adjudication of more justiciable issues.
I do not and cannot, however, countenance any unilateral denial of the constitutionally guaranteed right of access to the courts. That right is a keystone to our entire system of justice. As with any constitutional right, it should never be deemed to have been relinquished except upon a clear showing of informed waiver, freely given under circumstances in which there is no hint of duress, economic compulsion or unequal bargaining power. So basic a right should not be bought or sold at the bargaining table. When the average citizen is presented with a "take-it-or-leave-it" contract containing provision for mandatory arbitration, it is unrealistic to shrug it off as simply a matter of free choice. In my opinion the arbitration of disputes should be strictly an option available to parties after a dispute or grievance has arisen. Their contract should be independently negotiated and executed without any commitment to mandatory arbitration. No penalty should be suffered by any party rejecting the arbitration option.
When courts sanction irrevocable contract provisions for mandatory arbitration of future disputes, they permit the silent and inexorable erosion of a cornerstone of this democracy. It is an unfortunate trend, and if it is not reversed the phrase "access to the courts" will soon have lost any real meaning or genuine validity.
I quite understand that this is a matter for our supreme court to consider and implement. Unless and until it does so, this court is powerless to do more than sound the alarm. We are not free to ignore controlling precedent, and I therefore reluctantly concur in our disposition of this case.