403 So.2d 1149 (1981)
BALBOA INSURANCE COMPANY, Petitioner,
v.
W.G. MILLS, INC., Respondent.
No. 80-1621.
District Court of Appeal of Florida, Second District.
September 25, 1981.
Carroll S. Barco, Law Office of Carroll S. Barco, Orlando, for petitioner.
Daryl J. Brown of Rosin, Abel, Band, Brown & Russell, Sarasota, for respondent.
*1150 DANAHY, Judge.
W.G. Mills, Inc. (Mills), contracted to build the DeSoto County High School. Its agreement with the DeSoto County School Board provided that all claims and disputes were to be resolved by arbitration.[1] Mills subcontracted certain work on the building to the Colson Plumbing Company (Colson). The subcontract incorporated by reference part of the primary contract between Mills and the school board, including the arbitration provision. Balboa Insurance Company (Balboa) furnished a payment and performance bond on behalf of Colson to Mills.
A dispute arose between Mills and Colson allegedly because Colson failed to complete the work called for in the subcontract. Mills filed an action in circuit court against Balboa as Colson's surety. Balboa responded with a "Motion to Dismiss" in which Balboa initially maintained that the court was without jurisdiction over the matter because the subcontract, by its incorporation by the primary contract, provided that all disputes were to be settled by arbitration.
The trial court denied the motion to dismiss and Balboa filed a notice of appeal. Mills moved to dismiss the appeal and we denied that motion but directed that the notice of appeal be treated as a petition for certiorari.
Mills contends that Balboa waived its right to arbitration when it moved to dismiss the complaint. We do not agree.
It is well settled that a party waives its right to arbitration by inconsistent conduct. Seville Condominium # 1, Inc. v. Clearwater Development Corp., 340 So.2d 1243 (Fla. 2d DCA 1976). For instance, in Gettles v. Commercial Bank at Winter Park, 276 So.2d 837 (Fla. 4th DCA 1973), the court held that Gettles had waived his contractual right to arbitration when he filed an answer, counterclaim, and motion to dismiss before moving to compel arbitration. Also, answering a cross-claim and filing a reciprocal cross-claim has been held to constitute a waiver of arbitration. King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977). Finally, in Seville Condominium # 1, Inc., this court noted that by initiating legal action and pre-suit statements a party waived its right to arbitration.
In the foregoing cases, the party deemed to have waived arbitration asserted his right to arbitration after he actively participated in the lawsuit. A different result has been reached where a party has sought to enforce his right to arbitration in the initial response to a complaint. In Sun Insurance Office, Ltd. v. Phillips, 230 So.2d 17 (Fla. 2d DCA 1970), an insurer responded to the insured's complaint with the motion to dismiss and to compel arbitration. In reversing the denial of the motion, we implicitly recognized that the right to arbitration had not been waived by coupling with the motion to compel arbitration a motion to dismiss. Likewise, in Miller Construction Co., Inc. v. First Baptist Church of Live Oak, Inc., 396 So.2d 281 (Fla. 1st DCA 1981), the court rejected the church's contention that the construction company waived arbitration when it filed a motion to dismiss and to compel arbitration.
In this case, Balboa did not include in the caption of its motion to dismiss the words "and motion to compel." However, a pleading is not governed by its label, but *1151 rather, by its substance. Sodikoff v. Allen Parker Co., 202 So.2d 4 (Fla. 3d DCA 1967). Clearly the initial allegations of Balboa's motion to dismiss were based on its contractual right to arbitration. The instant case, like Sun Insurance Office, Ltd., presents a situation where the party demanding arbitration did so in its initial response to the law suit. Therefore, we hold that Balboa had not waived its right to have the dispute submitted to arbitration.
Mills has not contended that the arbitration clause was unenforceable or that the dispute was outside its scope. Accordingly, we grant the petition and vacate the order denying the motion to dismiss. The case is remanded for further proceedings consistent with this opinion.
BOARDMAN, J., concurs.
OTT, J., concurs specially with opinion.
OTT, Judge, concurring specially.
I agree that under present law the arbitration provision contained in the contract in question is enforceable. However, for the reasons I expressed in my specially concurring opinion in McAllister v. Giroux, 401 So.2d 908 (Fla. 2d DCA 1981), I remain unalterably opposed to the concept that the right of free access to the courts can be waived by an agreement for the compulsory arbitration of future disputes.
NOTES
[1] The arbitration clause was apparently part of the A.I.A. Document A-201 which was incorporated by reference in the primary contract. The clause provided as follows:

All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraph 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrator shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.