411 So.2d 1369 (1982)
PAINE, WEBBER, JACKSON & CURTIS, INCORPORATED, Petitioner,
v.
Louis LUCAS and Bonna Duncan, Respondents.
No. 81-1073.
District Court of Appeal of Florida, Fifth District.
April 7, 1982.
*1370 William D. Palmer of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for petitioner.
Douglas Bowdoin of van den Berg, Gay & Burke, P.A., Orlando, for respondents.
ORFINGER, Judge.
Petitioner seeks a writ of certiorari to review a non-final order of the trial court denying petitioner's motion to compel arbitration. For the reasons stated we deny the writ.
Respondents have two accounts with the petitioner brokerage firm; one is a Cash Fund Account; the other a Client Commodity Account. The Client Commodity Account agreement provides for arbitration of "any controversy arising out of or relating to my account, to transactions with you for me or to this agreement or the breach thereof... ." Respondents sued the petitioner on facts arising exclusively from the opening and handling of the Cash Fund Account. Petitioner, citing the arbitration provision of the Client Commodity Account agreement, moved to compel arbitration. The trial court denied the motion, and petitioner seeks review by certiorari.
Addressing first the procedural aspect of this case, this court has previously held, at least inferentially, that a petition for common law certiorari is an appropriate method of review of an order denying a motion to compel arbitration. See R.W. Roberts Construction Co., Inc. v. Masters & Co., Inc., 403 So.2d 1114 (Fla. 5th DCA 1981). Each of the other district courts of appeal have done the same. In Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980), the court held that where the right to arbitrate is not in dispute, permitting the parties to litigate the dispute in the courts instead of proceeding by arbitration as agreed would constitute a departure from the essential requirements of law. In Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981), the same district court concluded that the denial of a right of arbitration, where it existed, could not be adequately remedied by appeal since the purpose of arbitration was to avoid litigation.[1]
The avoidance of the expense and difficulty of an unnecessary court trial has been held to be an insufficient reason to justify the use of common law certiorari as a method of review of an otherwise non-appealable, non-final order. Vanco Construction, Inc. v. Nucor Corporation, 378 So.2d 116 (Fla. 5th DCA 1980). But, this general principle presupposes the existence of otherwise proper litigation. If the purpose of arbitration is to avoid litigation, permitting the parties to litigate at all where there is a right to arbitration completely frustrates that right. Lapidus. Where the right to arbitration exists, compelling a party whose application has been denied to wait until a final judgment is entered so that he can appeal the order denying arbitration, may be a remedy in name, but it is not an adequate remedy in fact. Thus, we agree *1371 with the other district courts that an order denying the right to arbitration where such right exists is a departure from the essential requirements of law which cannot be adequately remedied by appeal. Certiorari is thus the appropriate remedy to review such order.
The contracts in question are clearly subject to the interpretation that the arbitration clause relied on by petitioner applies only to the Client Commodity Account and not to the Cash Fund Account, so no right of arbitration exists here. Although the trial court did not state the reasons for denial of the motion, its order can be sustained if it is correct for any reason. Zinger v. Gattis, 382 So.2d 379 (Fla. 5th DCA 1980).
Concluding that the order in question did not depart from the essential requirements of law, the petition for certiorari is denied.
Writ DENIED.
COBB, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
I concur in result only because I do not believe certiorari is an appropriate remedy to review a non-final, non-appealable order denying a motion to compel arbitration.
The common law writ of certiorari is an extraordinary remedy and should not be granted unless the order on review (1) resulted from the trial court exceeding its jurisdiction or (2) was a departure from the essential requirements of law, that is, that such order was not entered consistent with procedural due process and the order permits or causes irreparable injury. See generally W. Haddad, The Common Law Writ of Certiorari in Florida, 49 U.Fla.L.Rev. 207, 220 (1977).
One purpose of an arbitration agreement is to avoid the disadvantages of litigation and it can be logically argued that once arbitration is erroneously denied and litigation is allowed, the bargained for right of arbitration is effectively frustrated. However, the fact that petitioner may have to pursue this case to its conclusion to remedy the non-final order is not an adequate ground for issuance of certiorari.
As a general rule the burden, vexation, or hazard of defending litigation does not furnish a basis for certiorari intervention by the appellate courts. Such burdens are "one of the hazards of living and doing business under a system of free enterprise in which one who conceives himself to be injured is privileged to seek redress in a court of law."

Gadsden County Times, Inc. v. Horne, 382 So.2d 347, 348 (Fla. 1st DCA 1980).
Accordingly, it is generally held that the avoidance of expense and difficulty of an unnecessary court trial is not sufficient reason to justify the use of certiorari where no provision is made for an interlocutory appeal.[1] Further, another purpose of an arbitration agreement is to have the dispute between the parties settled by a forum other than the court system and this purpose can be finally effectuated by a reversal of any erroneous trial court order denying arbitration upon appeal from a final judgment. Accordingly, for this latter purpose an appeal from final judgment provides an adequate remedy.
Notwithstanding the questionable legal basis for doing so, every district court of appeal has reviewed, by certiorari, the correctness of trial court orders granting or denying motions to compel arbitration.[2] *1372 However, only two cases even superficially considered the appropriateness of the remedy. In Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980), it was summarily stated that where the right to arbitration was not disputed, to not require arbitration was a departure from the essential requirements of law. In Lapidus v. Arlen Beach Condominium Association, Inc., 394 So.2d 1102 (Fla. 3d DCA 1981), the strong public policy favoring arbitration was noted and it was stated that the erroneous denial of the right to arbitration would not be adequately remedied by appeal. In the other cases, the appellate court merely went directly to a consideration of whether or not the trial court was correct or not as a matter of law in the entry of his order granting or denying the motion to compel arbitration. The fallacy of certiorari review in this instance is additionally illustrated in the remedy sought. The petitioner does not merely want this court to quash the order denying arbitration; petitioner really wants this court to direct the trial court to enter an order compelling arbitration. Properly speaking, in review by certiorari, an appellate court can only quash a highly improper order, but has no authority to remand with directions to enter a proper order.
Essentially petitioner's argument is that Florida Rule of Appellate Procedure 9.130(a)(3) should contain a subsection providing review of non-final orders of lower tribunals which deny arbitration. This may be a good argument based on sound reasoning. However, this court does not have the constitutional power to make or amend the rule to authorize such an appeal and we should be constrained by lawful limitations on our appellate jurisdiction not to abuse authority and torture and twist the tools we are given to force them to perform functions for which they were not intended. The Supreme Court of Florida should consider amending Florida Rule of Appellate Procedure 9.130(a)(3) to provide for review of non-final orders which deny interlocutory remedies such as the appointment of receivers[3] and the compelling of arbitration. But in the absence of such an amendment, this court should not circumvent the appellate rules by construing certiorari review to apply to orders that do not fall within the traditional framework of that extraordinary remedy.
NOTES
[1] See also: Balboa Insurance Company v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981); Marthame Sanders & Company v. 400 West Madison Corporation, 401 So.2d 1145 (Fla. 4th DCA 1981); Miller Construction Company, Inc. v. The First Baptist Church of Live Oak, Inc., 396 So.2d 281 (Fla. 1st DCA 1981).
[1] Fla.R.App.P. 9.130; see, e.g., Hawaiian Inn of Daytona Beach, Inc. v. Snead Construction Corp., 393 So.2d 1201 (Fla. 5th DCA 1981) (order denying motion for leave to file second amended complaint); Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980) (order denying the defendant's motion to dismiss for failure to prosecute); Professional Medical Specialties, Inc. v. Renfroe, 362 So.2d 397 (Fla. 4th DCA 1978) (order denying motions to compel answers in a discovery deposition); Ford Motor Company v. Nelson, 355 So.2d 158 (Fla. 4th DCA 1978) (order striking affirmative defense); Whiteside v. Johnson, 351 So.2d 759 (Fla. 2d DCA 1977) (order denying motion to dismiss).
[2] See, e.g., Balboa Insurance Co. v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981); R.W. Roberts Constr. Co., Inc. v. Master and Co., Inc., 403 So.2d 1114 (Fla. 5th DCA 1981); Marthame Sanders and Co. v. 400 West Madison Corp., 401 So.2d 1145 (Fla. 4th DCA 1981); McAllister v. Girous, 401 So.2d 908 (Fla. 2d DCA 1981); Miller Constr. Co., Inc. v. First Baptist Church of Live Oak, Inc., 396 So.2d 281 (Fla. 1st DCA 1981); Lapidus v. Arlen Beach Condominium Assoc., Inc., 394 So.2d 1102 (Fla. 3d DCA 1981); Terry Ford Co. v. Klinger, 392 So.2d 1033 (Fla. 4th DCA 1981); Raymond, James and Assocs., Inc. v. Maves, 384 So.2d 716 (Fla. 2d DCA 1980); King v. Thompson and McKinnon, Auchincloss, Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977).
[3] See Lee v. Lee, 407 So.2d 366 (Fla. 5th DCA 1981).