461 So.2d 128 (1984)
Sandor SZABO and Joan Szabo, His Wife, Appellants,
v.
ESSEX CHEMICAL CORPORATION, Appellee.
No. 83-1865.
District Court of Appeal of Florida, Third District.
November 13, 1984.
Rehearing Denied January 22, 1985.
Horton, Perse & Ginsberg and Edward A. Perse, Virgin, Whittle & Kray, Miami, for appellants.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe, Miami, for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
The plaintiffs appeal the adverse final summary judgment wherein their complaint was dismissed on statute of limitation grounds. § 95.11(3), Fla. Stat. (1981). The trial court also found that the service of process on the defendant, Essex Chemical Corporation, effected 20 months after the filing of the complaint, without any indication of an exercise of due diligence to *129 effect the service, impaired the sufficiency of process and did not toll the statute of limitation, nor did service relate back to the date of filing of the complaint.
All parties to this appeal agree that our holding in Szabo v. Ashland Oil Co., 448 So.2d 549 (Fla. 3d DCA 1984), is dispositive of the first issue  whether the trial court erred in granting summary judgment in favor of Essex on the grounds that the action was barred by the statute of limitations. Therein we held that a certain affidavit filed on behalf of plaintiff, Szabo, attested that it was not until approximately December, 1977 that Szabo was informed of any causal connection between exposure to the defendants' chemicals and his illness. Therefore summary judgment was precluded on the issue of whether the complaint filed in June, 1981 was timely filed. § 95.11(3), Fla. Stat. (1981).
Essex additionally contends that even if the complaint was timely filed, the trial court was correct in granting the summary judgment since the service of process, effected 20 months after the filing of the complaint, impaired the sufficiency of process and did not relate back to the date of the filing of the complaint. Essex bases this contention on the proposition that due diligence in effectuating service is required to toll the statute of limitations. While there are numerous Federal cases which hold to this proposition, such is not the law of Florida. Professional Medical Specialties, Inc. v. Renfroe, 362 So.2d 397 (Fla. 4th DCA 1978).
Since 1955, an action is commenced in Florida by the filing of a complaint. W.W. Friday v. Newman, 183 So.2d 25 (Fla. 2d DCA (1966); Fla.R.Civ.P. 1.050. Section 95.11(3), Florida Statutes (1981), provides that actions other than for recovery of real property shall be commenced within four years (from the time the cause of action accrues, § 95.031, Fla. Stat. (1981)). Thus, the filing of the plaintiffs' complaint tolled the statute of limitations. Klosenski v. Flaherty, 116 So.2d 767 (Fla. 1959); Robb v. Picarelli, 319 So.2d 645 (Fla. 3d DCA 1975); McArthur v. St. Louis-San Francisco Railway Co., 306 So.2d 575 (Fla. 1st DCA), cert. denied, 316 So.2d 293 (Fla. 1975).
We recently held in Bermudez v. Florida Power & Light Co., 433 So.2d 565, 568 (Fla. 3d DCA 1983), pet. for rev. den., 444 So.2d 416 (Fla. 1984), wherein the appellee urged the same argument as Essex does presently, that the delay in the service of the summons was controlled by Pratt v. Durkop, 356 So.2d 1278 (Fla. 2nd DCA 1978). Pratt reiterated the holdings of Klosenski and McArthur, and stated that the requirement of the Florida statute of limitations is met when an action is commenced within the applicable limitations period, and that, under our rules of civil procedure, and action is commenced by the filing of a complaint. Id. at 1280. Additionally, we note that no time limitations for issuance and service of process, whether a fixed time or requirement of due diligence, are contained in our rules.
We are not unmindful, however, of the court's inherent power to dismiss a cause which is not being prosecuted with reasonable diligence, Gonzalez v. Ryder Systems, Inc., 327 So.2d 826 (Fla. 3d DCA 1976); Maloy v. Bristow, 138 So.2d 801 (Fla.3d DCA), cert. denied, 146 So.2d 381 (Fla. 1962), cert. denied, 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963), or, on its own motion or by motion of an interested party, to dismiss a cause for failure to prosecute, pursuant to Rule 1.420(e), Florida Rules of Civil Procedure. The circumstances of the instant case, however, do not call for such a result.
Accordingly, we reverse the trial court's final order and remand for further proceedings.
Reversed.