468 So.2d 507 (1985)
ANDERSON-PARRISH ASSOCIATES, INC., Appellant,
v.
CITY OF ST. PETERSBURG BEACH, Florida, Appellee.
No. 85-372.
District Court of Appeal of Florida, Second District.
May 10, 1985.
*508 David L. Bresler and Nelly N. Khouzam of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, and Bruce Marger of Goldner, Reams, Marger, Davis, Piper & Bartlett, P.A., St. Petersburg, for appellant.
Gerald R. Colen of Devito & Colen, P.A., St. Petersburg, for appellee.
SCHEB, Judge.
Anderson-Parrish Associates, Inc., seeks a writ of common law certiorari to review the trial court's order of January 22, 1985, denying its motion to compel arbitration under the terms of its agreement with the City of St. Petersburg Beach. We treat the court's order as an appealable nonfinal order, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v), as amended January 1, 1985, and reverse.
Wardell & Sons Construction Company sued the city for breach of a construction contract wherein it agreed to build a fire station for the city. The city counterclaimed and later filed a third-party complaint against Anderson-Parrish, its architectural firm, alleging that it failed to properly design and supervise construction of the fire station.
Anderson-Parrish moved to compel arbitration based on a clause in its contract with the city, which stated:
All claims, disputes and other matters in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise... .
(Emphasis added.) The trial court denied the motion.[1] Anderson-Parrish claims the court erred, because the city's third-party complaint was based on its contract, which included the compulsory arbitration provision. Therefore, it had a statutory right to arbitrate. We agree.
The Florida Arbitration Code, section 682.03, Florida Statutes (1983), provides:
... If the court is satisfied that no substantial issue exists as to the making of the agreement [for arbitration] it shall grant the application... .
(Emphasis added.)
The city argues that its third-party complaint is not based on its contract with Anderson-Parrish. Rather, the city points out that its third-party complaint sounds only in indemnification, and that the dispute here involves the city's right merely to recover against the architectural firm for damages which it may be required to pay to Wardell, its contractor. Our examination of the complaint, however, does not support the city's position. While indemnity is mentioned in the complaint, the city nevertheless makes direct allegations that Anderson-Parrish's failure to properly design and supervise construction pursuant to its contract has caused the city to employ another contractor and incur additional expenses.[2]
Where, as here, there is no issue as to the making of an agreement which contains a provision for compulsory arbitration, it is *509 error for the trial court to deny a party the right to arbitrate and require that the dispute be litigated in court. Riverfront Properties, Ltd. v. Max Factor III, 460 So.2d 948 (Fla. 2d DCA 1984); Payne, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982).
We reverse the order denying the motion to arbitrate and remand for proceedings consistent with this opinion.
GRIMES, A.C.J., and FRANK, J., concur.
NOTES
[1] In the meantime, the dispute between the contractor and the city came on for trial and resulted in a $74,516.99 judgment for the contractor.
[2] All of the architects' services concerning the fire station were performed for the city pursuant to a contract which included the quoted provision for arbitration of disputes. The allegations of the third-party complaint applicable to indemnification are predicated on the theory of faulty service. Therefore, it is possible that the architects may be entitled to arbitration even if the third-party complaint was limited to indemnity. Nevertheless, we need not, and we do not, reach this issue.