493 So.2d 1100 (1986)
LAKE PLUMBING, INC., and Transamerica Insurance Company, Appellants,
v.
SEABREEZE CONSTRUCTION CORPORATION, Appellee.
No. 86-665.
District Court of Appeal of Florida, Second District.
September 10, 1986.
*1101 Lawrence J. Phalin and James R. Lussier of Mateer & Harbert, Orlando, for appellants.
Michael D. LaBarbera of LaBarbera and Campbell, Tampa, for appellee.
SANDERLIN, Judge.
Lake Plumbing seeks review of a non-final order denying its motion to dismiss count I of Seabreeze's complaint and compel arbitration. We have jurisdiction. Fla. R.App.P. 9.130(a)(3)(C)(v).
The dispute below involves the parties' rights under a sub-subcontract. By contract, Seabreeze agreed to perform construction work and Lake Plumbing agreed to pay for the performance. For reasons that are inconsequential to our analysis, Seabreeze was terminated after commencing performance and thereafter sued. In an amended complaint, count I sought declaratory relief and named Lake Plumbing as defendant. Seabreeze petitioned the court to declare whether, under the contract, Lake Plumbing could "back-charge" Seabreeze for remedial work performed by another subcontractor. Count II named Lake Plumbing and Transamerica, the surety, as defendants, and requested damages for non-payment. Lake Plumbing filed a motion to dismiss or stay both counts and to compel arbitration. The motion was granted as to count II. Thus, this appeal concerns count I.
Resolution of the issue on appeal involves no more than a review of the parties' contract. The agreement is entitled:

SUBCONTRACT

Standard Form of Agreement Between Contractor and Subcontractor
The face of the document indicates that it has been "approved and endorsed" by the American Subcontractors Association. The facing also identifies the document as "AIA Document A401"; AIA denotes American Institute of Architects. At page 7 of the contract, Article 13 is entitled "ARBITRATION." Immediately thereafter, in clear language, paragraph 13.1 states:
All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor, except that a decision by the Architect shall not be a condition precedent to arbitration.
In its motion to dismiss, Lake Plumbing grounded its argument in paragraph 13.1. We find the paragraph framed in binding, obligatory language. Undoubtedly, it governs the dispute below. Therefore, the trial court erred in denying Lake Plumbing's motion.
Besides the contract, our review of the Florida Arbitration Code, sections 682.01-682.22, *1102 Florida Statutes (1985), leaves the distinct impression that the legislature intended to encourage arbitration of disputes. See § 682.02, Fla. Stat. (1985). Our supreme court has long recognized that under these statutory provisions,
[T]he parties to the controversy submit the disputed matter to jurors of their selection, whose decision or award is substituted for the judgment of the established courts, and by so doing avoid the delay and expenses of litigation.
Johnson v. Wells, 72 Fla. 290, 73 So. 188, 190 (1916).
Arbitration is especially appropriate in situations involving issues that are unique to certain industries and which require specialized knowledge for their resolution. We believe the construction industry is such an industry and that the industry has heeded this intent by its adoption of the "Standard AIA Contract." Speaking for the court in the context of a collective bargaining dispute, Justice Douglas noted that arbitrators,
[S]it to settle disputes at the plant level  disputes that require for their solution knowledge of the custom and practices of a particular factory or of a particular industry as reflected in particular agreements.
United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424, 1427-1428 (1960).
The parties used a "particular agreement" as a means of governing their rights, duties, and responsibilities. We emphasize responsibility because parties in privity must be responsible to one another and such responsibility necessarily involves adherence to the terms of the agreement. We believe the matter below was destined for arbitration; nonetheless, it has taken our opinion to direct this matter to its proper forum.
Turning to the law of the district, we find guidance in Anderson-Parrish Associates v. City of St. Petersburg, 468 So.2d 507 (Fla. 2d DCA 1985). In Anderson-Parrish, a general contractor sued the city for breach of a construction contract to build a fire station. The city counterclaimed and filed a third-party complaint against Anderson-Parrish, the architect, alleging it had failed to properly design and supervise construction of the fire station. Anderson-Parrish relied on contract language and moved to compel arbitration. The motion was denied; Anderson-Parrish appealed. In our review, we found the contract provided:
All claims, disputes and other matters in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration ...
Id. at 508. Reversing, we recognized that the arbitration clause and Chapter 682 conferred, upon all parties involved, the right to arbitrate. As in Anderson-Parrish, Lake Plumbing has sought to invoke that right in the proceedings below. Noting the sanctity of the agreement, we held:
Where, as here, there is no issue as to the making of an agreement which contains a provision for compulsory arbitration, it is error for the trial court to deny a party the right to arbitrate and require that the dispute be litigated in court.
Id. at 508-509.
Applying Anderson-Parrish to the case at bar, we note that the arbitration clauses in both cases are virtually identical. Also, the posture of the parties below is analogous. One party has brought another to court for resolution of a dispute though their agreement provides for an alternative method. Undoubtedly, such tactics delay the prompt resolution of disputes and serve only to hamper the wheels of commerce. We see no reason to prolong the inevitable. Thus, we quash the order denying the motion to arbitrate and remand for entry of an order compelling arbitration according to the contract.
RYDER, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.