## MEEHAN v. ESTATE OF MEEHAN
### Case No. 88-1658 CP
Fifteenth Judicial Circuit, Palm Beach County

December 21, 1988

### APPEARANCES OF COUNSEL

**M. Lee Thompson,** for personal representative.
**Peter Matwiczyk,** for St. Jude's Hospital for Children.
**Ronald E. Jones,** for Anna and John Meehan.

### OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER DENYING MOTION TO DISMISS NOTICE TO AVOID CHARITABLE DEVISE*

THIS CAUSE came on before the court on the motion filed herein by St. Jude's Hospital for Children seeking to dismiss the notice filed herein by Anna Marie Meehan and John V. Meehan, pursuant to F.S. Section 732.803 to avoid a charitable devise.

It appears from the record before the court that the last will and testament of the decedent was admitted to probate on May 16, 1988,

and that letters of administration were issued to the personal representative of the estate on May 16, 1988.

On July 7, 1988, Anna Marie Meehan and John V. Meehan, filed a written notice pursuant to F. S. Section 732.803 seeking to avoid a charitable devise contained in the decedent's last will and testament. A copy of the notice was mailed to the personal representative on July 7, 1988. Formal notice of the action taken by Anna Marie Meehan and John V. Meehan was not served upon St. Jude's Hospital for Children until October 21, 1988.

St. Jude's Hospital for Children contends that F. S. Section 732.803, together with the Florida Probate Code, require that the charitable institution be served within four months after the date letters of administration are issued. Anna Marie Meehan and John V. Meehan contend that the filing of a written notice within the four month period is sufficient to comply with the time limitation period contained in F.S. Section 732.803.

Florida Statute Section 732.803 provides *inter alia*:

"The devise shall be avoided in its entirety if one or more of the lineal descendants or a spouse who would receive any interest in the devise if avoided, *files* written notice to this effect in the administration proceedings within four months after the date letters are issued."

This statute does not prescribe the form of the notice that must be filed. The notice filed herein by the decedent's children tracks the language of the statute and its allegations are more then sufficient to meet the requirements of F. S. Section 732.803.

St. Jude's argument that the notice filed under F. S. Section 732.803 must be in the form of "formal notice," prescribed by Florida Probate Rule 5.040(1) is not supported by the language contained in this Rule. The notice required by this Rule is analogous to a summons which must be issued in a civil action to obtain service of process. In an analogous situation dealing with the statute of limitations, the appellate courts have been uniform in holding that the filing of the civil action within the prescribed time is all that is required to comply with the statute of limitations and that the issuance of the summons and the service of the complaint after the statute of limitations has run, does not bar the action. See *Szabo v Essex Chemical Corp.*, 461 So.2d 128 (Fla. 3d DCA 1984), *Professional Medical Specialties, Inc. v Renfroe*, 362 So.2d 397 (Fla. 4th DCA 1978).

The court finds that the service of the notice upon St. Jude's after

the four month period has not prejudiced St. Jude's in any way and has not delayed the orderly administration of this estate. See *In Re: Estate of Oxford,* 372 So.2d 1129 (Fla. 2d DCA 1979).

The court further finds that administration of estates being unknown at common law, all rights of parties in probate proceedings have been created by statute. Florida Statute Section 732.803 only requires the filing of a notice within four months from the commencement of administration, provided however, the court cannot act upon that notice until such time as all interested parties have been served and afforded an opportunity to respond to the notice as required by the Florida Probate Code.

The contention of St. Jude's Hospital for Children in Memphis, Tennessee, that the Probate Code requirements control over the requirements of F. S. Section 732.803, is not supported by any appellate case. The Rules of Procedure promulgated by the Supreme Court do not supersede the substantive law enacted by the legislature. Based upon the foregoing and the court being fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED that the motion filed herein by St. Jude's Hospital for Children to dismiss the notice filed pursuant to F. S. Section 732.803, be and the same is hereby denied. St. Jude's Hospital for Children shall have ten days within which to further plead.

DONE AND ORDERED at West Palm Beach, Florida, this 21st day of December, 1988.