GERSTEN, Judge,
dissenting.
I respectfully dissent.
I find the trial court properly exercised jurisdiction over the grandparents’ petition for visitation. Clearly, this appeal should not be treated as a petition for a writ of prohibition for three reasons: (1) there is a clear distinction between a court exceeding its jurisdiction, and a court erroneously exercising its jurisdiction; (2) a writ of prohibition would circumvent the rule limiting appeals of non-final orders; and (3) form must not be elevated over substance.
While a writ of prohibition will lie to prevent a lower court from acting in excess of its jurisdiction, it is not available to prevent an erroneous exercise of a court’s jurisdiction. School Board of Marion County v. Angel, 404 So.2d 359 (Fla. 5th DCA 1981); English v. McCrary, 348 So.2d 293 (Fla.1977). Because the circuit court has jurisdiction to determine visitation rights of grandparents, § 752.01, Fla.Stat. (1991), the trial court here did not act “in excess” of its jurisdiction.
Here, the “Order Regarding the Court’s Jurisdiction Over Grandparents’ Petition for Visitation” is a non-final non-appealable order under Florida Rule of Appellate Procedure 9.130(a). Thus, it is inappropriate to grant a writ of prohibition, and this court may not hear an appeal of the non-final order. Fla.R.App.P. 9.130(a). The exceptional remedy of a writ of prohibition should not be used to circumvent the rule limiting appeals of non-final orders. School Board of Marion County v. Angel, 404 So.2d at 361; see also Hawaiian Inn of Daytona Beach, Inc. v. Snead Construction Corporation, 393 So.2d 1201 (Fla. 5th DCA 1981).
Justice dictates that form must not be elevated over substance:
It should be substance over form, and merit, whenever possible, over procedure.
State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991).
The majority states that when the wife dismissed her dissolution action, the trial court lost jurisdiction over the pending petition. However, as explained by the majority, “[wjhere an action for dissolution of marriage has been brought, section 61.13 allows the grandparents to request establishment of grandparents’ visitation rights.”
*1326 The wife brought a petition for dissolution of marriage and the grandparents sought to intervene to establish visitation rights. The wife voluntarily dismissed her petition for dissolution of marriage, refiling the petition one week later. However, the grandparents’ motion remained pending in the first case.
Two months after the petition for dissolution had been refiled by the wife, the court determined it had jurisdiction to hear the grandparents’ petition for visitation filed in the first action. Rather than require the grandparents to refile their motion to intervene in the new proceeding, the first trial court chose to hear the grandparents’ existing petition.
Contrary to the impression created by the majority, dissolution proceedings were pending at the time the trial court determined the grandparents’ rights to visitation. The trial court exercised jurisdiction over the grandparental visitation petition two months after the wife refiled her dissolution petition.
Finally, grandparental visitation rights are too important to be defeated by one parent’s legal gamesmanship. A state’s interest in children’s welfare is sufficiently compelling to provide for the continuation of relations between children and their grandparents. Terms and conditions should be reasonable and in the children’s interest. § 752.01, Fla.Stat. (1991); Sketo v. Brown, 559 So.2d 381, 382 (Fla. 1st DCA 1990).
In most cases, a child’s welfare is promoted by having a relationship with grandparents, rather than by not having it. Ramey v. Thomas, 483 So.2d 747 (Fla. 5th DCA 1986). As this court stated in Griss v. Griss, 526 So.2d 697 (Fla. 3d DCA 1988):
It is common human experience that the concern and interest grandparents take in the welfare of their grandchildren far exceeds anything explicable in purely biological terms. A very special relationship often arises and continues between grandparents and grandchildren.... Visits with a grandparent are often a precious part of a child’s experience and there are benefits which devolve upon the grandchild from the relationship with his grandparents which he cannot derive from any other relationship. Neither the Legislature nor this Court is blind to human truths which grandparents and grandchildren have always known.
I agree. With more than one million divorces in the United States annually, and over one-half involving minor children[1], the importance of ongoing relationships between grandparents and grandchildren cannot be overstated. Just as grandparents cherish the happiness which grandchildren bring to them, one of the joys of childhood is having grandparents.
Grandparental visitation can mean doting attention and special affection, a veritable sanctuary from the everyday conflicts that can exist within the parent-child context. Grandparents can provide a stabilizing influence in the family, especially during such times of transition as divorce or death. The relationship between grandparent and grandchild helps children connect their family's past with their future. It strengthens their sense of identity. In families where a child is abused or neglected, the grandparents’ unconditional affection and monitoring may be that child’s saving grace.[2]
I find that the trial court was both legally and morally correct in exercising its jurisdiction over the grandparents’ pending petition for visitation rights. In a world in which children need love, there can be no doubt that Florida’s public policy favors continuing relationships between grandparents and grandchildren and fostering the unique love they share.
*1327 Accordingly, I would deny the petition and affirm the exercise of jurisdiction.

. Patricia Wendlandt, Comment, Grandparent Visitation Statutes:
Remaining Problems and the Need for Uniformity, 67 Marq.L.Rev. 730 (1984).

. Patricia S. Fernandez, Grandparent Access: A Model Statute, 6 Yale L. & Pol'y Rev. 109 (1988) (citing research by social scientists who have identified at least four ‘symbolic’ roles that help explain the beneficial influence of grandparents on their families).