W. SHARP, Judge.
Schopke Construction & Engineering, Inc., and its surety, the Hartford Fire Insurance Company, appeal from a non-final order entered by the trial court which denied Schopke’s motion to compel arbitration of a dispute which arose out of the performance of a construction subcontract. We have jurisdiction[1] and reverse.
The subcontract between Schopke and Newham provided for arbitration of disputes arising out of or related to the subcontract:
All claims, disputes and other matters in question arising out of, or relating to, this subcontract, or the breach thereof, shall be decided by arbitration in the same manner and under the same procedure as provided in the Contractor Documents with respect to disputes between the Owner and the Contractor except that a decision by the Architect shall not be a condition precedent to arbitration. This article shall not be deemed a limitation on any rights or remedies which the Subcontractor may have under any Federal and State mechanic’s lien laws or any applicable labor and material payment bond unless such rights or remedies are expressly waived by him.
In the event of arbitration/litigation, this Subcontractor agrees to pay all costs.
Attachment “A” of the subcontract agreement also provides that:
This Subcontract Agreement is originated and finalized in Brevard County, Florida, and, therefore, this Subcontractor agrees that in the event of legal action taken by Subcontractor towards General Contractor, such action or claim shall be pursued via arbitration in lieu of civil suit, and further, such action or claim shall be filed in Brevard County. Arbitration shall be done by the American Arbitration Association. In the event this occurs, the prevailing party shall be entitled to payment of reasonable costs by the nonprevailing party.
The court below held that the mechanic’s lien law specifically provides a remedy outside of the arbitration agreement for these claims. However, arbitration provisions in contract disputes such as this are enforceable. See, e.g., Genstar Southern Development Corporation v. Troup Brothers, Inc., 396 So.2d 211 (Fla. 3d DCA 1981) (claim of lien filed to secure the debt while amount of the debt to be determined by arbitration); William Passalacqua Builders, Inc. v. Mayfair House Association, Inc., 395 So.2d 1171 (Fla. 4th DCA 1981) (contract provisions for arbitration of all claims, disputes or other matters arising out of or relating to a construction contract are enforceable in accordance with the Florida Arbitration Code). In its brief filed in this appeal, Newham agrees that Lake Plumbing v. Seabreeze Construction Corporation, 493 So.2d 1100 (Fla. 2d DCA 1986) is controlling. That case involved an identical arbitration provision and the court ruled it required arbitration between the contractor and subcontractor. Accordingly, Newham “consents” to the relief requested by Schopke. We shall oblige.
The order appealed in this cause is reversed and this cause is remanded for further proceedings consistent with Lake Plumbing.
REVERSED and REMANDED.
GOSHORN, C.J., and DIAMANTIS, J., concur.

. Fla.R.App.P. 9.130(a)(3)(C)(v) (review of non-final orders which determine whether a party is entitled to arbitration).