**R. A. GENUNG v. SCOTT M. LOFTIN and JOHN W. MARTIN, as Trustees of the Property of Florida East Coast Railway Company.**

13 So. (2nd) 149                                    January Term, 1943
April 27, 1943                                            En Banc

*Herbert F. Fuller, William J. DeHoff* and *DeHoff & De-Hoff,* for appellant.

*Russell L. Frink, John H. Summerlin* and *Harold B. Wahl,* for appellees.

BUFORD, C. J.:

This cause is before us on petition praying that we clarify our Order of affirmance by giving the parties the benefit of

the views of the Court which construed the basis for the affirmance of the judgment.

In the petition it is alleged:

"(3) Appellees have already defended two suits in the Circuit Court and one appeal to the Supreme Court, and are now faced with a fourth suit in the Civil Court of Record, all on the same subject matter, unless an opinion is written clarifying the basis of the court's per curiam order affirming the opinion of the lower court in the common law suit."

Among other things, the record shows that plaintiff in the court below and the defendant on the 23rd day of March, 1940, entered into a contract and agreement as follows, to-wit:

"Whereas H. A. Genung was employed by the Florida East Coast Railway as hostler and hostler helper from February 19, 1917, until February 2, 1935, when he was removed from service on account of an attack of illness which was diagnosed as epilepsy and was allowed to resume duties as inside hostler helper May 2, 1935, and was again taken out of service November 29, 1936, for the same reason, and

"Whereas said H. A. Genung has been cared for as a patient by Dr. Harry Z. Silsby of New Smyrna Beach, Florida, and it is the opinion of Dr. Harry Z. Silsby that Mr. H. A. Genung is in excellent mental and physical condition and worthy of further consideration as an employe of any railroad as his former status, and

"Whereas it is impossible to tell, from a physical examination, whether or not Mr. H. A. Genung is permanently cured of the ailment which was the cause of removing him from services:

"It is hereby agreed:

"1. That H. A. Genung will be allowed to resume work as an inside hostler helper, exercising the seniority he held as such, prior to his removal from service.

"2. That H. A. Genung will not be allowed to work in the capacity of outside hostler helper, inside hostler or outside hostler, or to move a locomotive, during the time this agreement is in effect.

"3. In the event that the physical condition that caused the removal of Mr. H. A. Genung from service shall recur, he shall be permanently removed from the service of the Florida East Coast Railway, and no further claim shall be made for him.

"4. In the event that the physical condition of Mr. H. A. Genung shall improve to such an extent that he and his representative feel that he should be given a trial as an outside hostler helper, they shall, at that time, ask for a change in the agreement to cover transfer of Mr. H. A. Genung to outside hostler helper, and if request is allowed, it must have the approval of the proper Officers of the Transportation Department and Mechanical Department. No change in the agreement will be requested within 18 calendar months from date of this agreement." and, coincidental with that agreement and in consideration thereof, plaintiff signed, executed and delivered to defendant a release, as follows:

"Whereas, the undersigned, H. A. Genung, is suffering from a disease diagnosed by doctors as epilepsy; that he is desirous of continuing in the service of William R. Kenan, Jr., and Scott M. Loftin, as Receivers of the Florida East Coast Railway, but is, by reason of said disease, unable to pass the physical examination required by the rules and regulations of said Railway and its Receivers.

"Now therefore, in consideration of the waiver by the Receivers for the Florida East Coast Railway of their rules and regulations aforesaid, and in further consideration of his being allowed to resume his duties and employment, it is expressly covenanted and understood by the undersigned that there is no obligation on the part of the Railway and its Receivers to retain or continue him in their service for any fixed period of time; that the period of such employment shall be at the will and pleasure of said Receivers and may be by them terminated at any time.

"That for the sum of One ($1.00) Dollar and the other considerations hereinabove mentioned the undersigned does hereby release and forever discharge said Receivers from any and all claims and demands which have accrued or may accrue to him on account of said disease, injuries and dis-

abilities or for impairment of his health or other damage that he may sustain, or be put to, by reason of the aggravation of his present condition resulting directly or indirectly in the course of his employment and service with said Receivers; or for injuries hereafter sustained in any accident that may be due to the impaired condition of the undersigned."

It was, and is, the view of the Court that the terms of the release bar plaintiff's recovery in this suit and, therefore, judgment on demurrer to declaration was affirmed by our order of March 26, 1943.

TERRELL, BROWN, CHAPMAN, ADAMS and SEBRING, JJ., concur.

THOMAS, J., adheres to original order.