LILES, Judge.
This is an appeal by the original plaintiff, D.F.S., Inc., from a summary judgment in favor of defendant, Beasley Crane Service & Sales, Inc.
Beasley Crane Service had contracted with D.F.S. to remove D.F.S.’s tower crane from the top of a newly constructed building. On October 8, 1968, appellee’s employee dropped and damaged appellant’s tower crane while lowering it with a truck crane at the construction site. In addition to damage to the crane dropped, appellant also suffered damage to garage forms and other property caused by the falling crane.
American Fire and Casualty Company, appellee’s insurance carrier, admitted exposure under its policy for damage done by the falling crane to the property on the ground; but, the policy did not afford coverage with respect to liability for damage to the tower crane. American Fire negotiated a settlement with D.F.S., Inc. As a result of the settlement, American Fire paid D.F.S. the sum of $3,579.80, and D.F.S. executed a release which was general in form and which on its face purported to release appellee from all claims arising out of the occurrence on October 8, 1968. The body of the release is as follows:
“Know all men by these Presents, That we, D.F.S., Inc. for the sole consideration of Three Thousand Five Hundred Seventy Nine & 80/100 Dollars, to me/us in hand or on my/our behalf paid by Beasley Crane Service the receipt whereof is hereby acknowledged, have released and discharged, and by these presents do for myself/ourselves, my/our heirs, executors, administrators and assigns release and forever discharge the said Beasley Crane Service of and from all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by said Beasley Crane Service and particularly on account of all injuries, both to person and property resulting, or to result, from an accident which occurred on or about the 8 day of October, 1968, at Sarasota, Fla." (Emphasis indicates handwritten sections of a printed release form.)
The release was executed on June 6, 1969. On February 11, 1970, D.F.S., Inc. brought this action against Beasley Crane Service for damages to the crane as a result of Beasley Crane Service’s negligence in removing the crane from the building top. Beasley Crane Service pleaded that *729 such a claim had been released by the general release executed by D.F.S. Beasley Crane Service subsequently moved for summary judgment. On September IS, 1970, the circuit court entered summary final judgment in favor of Beasley Crane Service on the ground that D.F.S. had released its claim. We are now asked to review that summary final judgment.
Appellant contends that the release of June 6, 1969, did not include a release of claims against Beasley Crane Service for damages to the crane; but instead, that the release only extended to damages caused to the other property hy the crane. The basis of this contention is the fact that American Fire, who negotiated the release and obtained the settlement, was only liable in Beasley Crane Service’s behalf under its insurance policy for damages caused by the falling crane. American Fire was not liable in Beasley Crane Service’s behalf for damages caused by Beasley Crane Service to the crane. From this, appellant contends that when American Fire negotiated the settlement and release there was no intention on the part of the parties to release the claim which American Fire was not liable for, to-wit: the claim for damages to the crane. In essence, it is appellant’s argument that the persons who negotiated, prepared and executed the release did not contemplate nor intend to cover in the release the claim for damages to the crane. Thus the release does not bar recovery for damages to the crane. We do not agree.
We have examined the case law in Florida concerning general releases and have reached the conclusion that the underlying principle in the applicable cases is that a general release may not be avoided unless there was a mistake as to a past or present material fact at the time of the execution of the release. Stiff v. Newman, Fla.App.1961, 134 So.2d 260; Swilley v. Long, Fla.App.1968, 215 So.2d 340; Boole v. Florida Power & Light Co., 1941, 147 Fla. 589, 3 So.2d 335; Ormsby v. Ginolfi, Fla.App.1958, 107 So.2d 272; DeWitt v. Miami Transit Company, Fla.App.1957, 95 So.2d 898. Also see 28 Fla.Jur.Release § 10 & § 11.
In the instant case, the parties who negotiated the release were well aware of the existence of the claim for damages to the crane, and were equally aware that American Fire was not liable for that claim. Due to such knowledge, there can be no claim as to the existence of any mistake of a material fact which would preclude the operation of the release. The general release, unambiguous on its face, thus operates as a bar to all the claims arising from the occurrence of October 8, 1968.
The Circuit Judge was correct in entering the final summary judgment and we affirm.
PIERCE, C. J., and McNULTY, J., concur.