357 So.2d 208 (1978)
PACEMAKER CORPORATION, Appellant,
v.
Aaron T. EUSTER, Appellee.
No. 77-495.
District Court of Appeal of Florida, Third District.
March 21, 1978.
Rehearing Denied April 27, 1978.
Adams, George, Schulte & Ward and Amy Shield Levine, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and William B. Milliken, Miami, for appellee.
Before KEHOE, J., and BOYD, JOSEPH A., Jr., and CHARLES CARROLL (Ret.), Associate Judges.
CHARLES CARROLL, Associate Judge.
This appeal is by the defendant below from an order determining the scope of an *209 agreement for arbitration and denying defendant's motion to limit arbitration.
Appellee, Aaron T. Euster, following purchase of a vessel manufactured by the appellant, Pacemaker Corporation, sued Pacemaker (and others not involved here) for damages for alleged defective condition of the vessel. A settlement of the disputes involved in that litigation was entered into on December 1, 1972. The settlement agreement, in its preamble, stated the following:
"WHEREAS, certain disputes have arisen between PLAINTIFF and DEFENDANTS as a result of which there ensued litigation in the Circuit Court in and for Dade County, Florida, Case No. 71-16712, and
"WHEREAS, there were numerous items of disagreement between the parties in the foregoing litigation, and
"WHEREAS, after diligent and exhaustive negotiations the parties hereto have resolved all differences between them and desire that their agreement be formally set out in a written document, and
"WHEREAS, upon execution of this written agreement the issues between the parties hereto in said litigation shall have been resolved and said litigation should be dismissed,".
The agreement provided for certain listed repairs to be made by Pacemaker within thirty days, and for Pacemaker to pay $5,000.00 to Euster "as reimbursement for past, and in liquidation for future repairs not listed above, necessary to be made to the vessel". Further, it was provided that after completion of said specified repairs by Pacemaker a general release would be given by Euster except for a specified warranty, and that the action would be dismissed with prejudice.
The warranty thus referred to was set out in paragraph 1 (I) as follows:
"I. PACEMAKER warrants that after the repairs mentioned in the foregoing paragraphs have been accomplished the vessel will be seaworthy and will not leak (except for normal seepage from shaft logs and rudder ports) for the period of one (1) year from the date the vessel is delivered to EUSTER upon completion of the repairs stated in this agreement. Said warranty is applicable specifically to Hull No. 48-G-145 and is in addition to all other expressed warranties, if any, from the manufacturer or seller of the vessel."
Additionally, with regard to the above warranty, the agreement provided:
"PACEMAKER shall be liable for all consequential damages to the vessel as a result of the leak or leaks not being corrected or the hull being unseaworthy, provided that such consequential damages arise as the result of water leakage or unseaworthiness as described above, that occurred within the warranty period. All of the terms of this subparagraph (1.I.) shall be incorporated into the terms of said warranty."
With regard to disputes arising from the repairs which were required to be made, the contract contained a provision for arbitration as follows:
"7. Any disputes concerning the workmanlike quality, adequacy or sufficiency of repairs as set out in this agreement shall be submitted to binding arbitration."
That provision for arbitration as to disputes relating to adequacy and sufficiency of the required repairs must be read in connection with the warranty that the vessel would be seaworthy and not leak except for normal seepage from shaft logs and rudder ports for a year after the required repairs were made. Breach of the warranty which thus was tied in with the required repairs would involve questions or disputes as to the adequacy or sufficiency of such repairs, determination of which the contract provided should be by arbitration.
Pacemaker made the stated repairs, delivered the vessel to Euster, and paid Euster the $5,000.00 mentioned above. Euster gave Pacemaker a general release subject to the above-quoted one-year warranty, and dismissed the action with prejudice.
*210 Later, after the period of one year, Euster filed this action against Pacemaker. In Count I the plaintiff, Euster, alleged his purchase of the vessel for $111,815.00; that the manufacturer's warranty of fitness of the vessel had been breached; that the vessel was unfit for use, and that plaintiff's right of recission of the sale had been refused; and that the vessel could not be made useable by repair. Based thereon plaintiff sought damages for the amounts he had expended for repairs, and in effect sought recission by praying for judgment to require Pacemaker to pay plaintiff $95,000.00 with which to enable Euster to purchase another comparable vessel. By additional counts plaintiff sought damages for an alleged period of loss of use of the vessel and, further, upon alleging failure of Pacemaker to pay plaintiff the value of the vessel (rescind) was malicious, sought punitive damages of $500,000.00. The complaint referred to the agreement for arbitration of disputes concerning the workmanlike quality, adequacy, or sufficiency of the repairs which the settlement agreement provided to be made by Pacemaker, and alleged difficulty in agreeing on an arbitrator, requesting that the court appoint an arbitrator. On a hearing before the trial court relating to the arbitration, the court denied the motion of Pacemaker to limit the arbitration to issues for which the agreement provided and ordered that arbitration should include the above-mentioned claims for damages contained in the complaint. In this respect, the order provided as follows:
"ORDERED AND ADJUDGED that Defendant's motion be, and the same is, hereby denied, and those issues which are to be submitted to arbitration shall include the various claims for damages alleged in the Complaint filed herein * *".
Appellant argues the court erred in the order relating to the arbitration in that the claims or damages to which arbitration was extended by the court were issues or matters that had been asserted in the prior action and terminated by the prior settlement and dismissal of that action and, further because the arbitration necessarily was limited to the issues or matters which the parties had contracted should be submitted to arbitration.
Those issues or matters for which the parties had contracted to arbitrate were clearly set out in paragraph 7 of the agreement, as quoted above. Therefrom it is clear the parties contracted to arbitrate disputes concerning the workmanlike quality, adequacy or sufficiency of the several specified repairs, which the settlement contract provided were to be made by Pacemaker.
We hold it was error to order that the arbitration order include other disputes or claims. Section 682.02, Florida Statutes (1975) provides that parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or (as here) that they may include in the written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. In this instance the agreement of the parties for arbitration was as to disputes which might arise with reference to certain repairs to be made by Pacemaker.
The agreement of the parties for the arbitration fixed its subject and its limits. In this instance, the controversies or claims for damages as contained in the complaint which were outside the matters expressly agreed for arbitration should not have been considered by the court thereby subject to arbitration, not only because they were not included in the agreement for arbitration but because all such matters had been removed from controversy by the settlement, general release, and dismissal of the prior action with prejudice. Cf. D.F.S., Inc. v. Beasley Crane Service & Sales, Inc., 251 So.2d 727 (Fla.2d DCA 1971); Robinson v. Friedman, 219 So.2d 54 (Fla.3d DCA 1969). Following the settlement and release, there remained as a basis for future controversy only the one-year warranty above quoted and disputes which might arise with relation to the quality and sufficiency *211 of the repairs which were made subsequent to the agreement, as provided for therein. Arbitration should be only of those controversies or disputes which the parties have agreed to submit to arbitration. Wood-Hopkins Contracting Co. v. C.H. Barco Contracting Co., Inc., 301 So.2d 479 (Fla. 1st DCA 1974); Frank J. Rooney, Inc. v. Charles W. Ackerman of Fla., 219 So.2d 110 (Fla.3d DCA 1960).
The motion of the defendant for the arbitration to be restricted to that which was expressly contracted for should have been granted, and the order appealed from is reversed to the extent that it made provision for the arbitration to "include the various claims for damages alleged in the complaint".
Reversed, and remanded for further proceedings.