MILLS, Judge.
The Leon County Classroom Teachers Association (LCTA) and the Leon County School Board (Board) entered into a collective bargaining agreement for the 1975-76 school year which contains a grievance procedure beginning:
*355 “6.01 Any claim by an employee that there is a dispute, difference, disagreement or complaint related to contractual terms and conditions of employment including questions of whether or not any disciplinary action taken against or dismissal of an employee was for just cause shall be resolved through the procedure set forth herein.”
The third and final step in the grievance procedure is the submission of the grievance to arbitration.
On 1 March 1975, appellant Ferrigno entered into a contract with the Board. The contract provided that Ferrigno would have probationary status and “. . .no legal cause shall be required of the School Board in the event that the teacher is not reemployed by the School Board after June 16, 1976”. Ferrigno’s contract was not renewed for the 1976-77 school year.
Ferrigno filed a grievance with the Board on 14 May 1976, stating as his grievance that he “. . . was not recommended for a teaching position at the Alternative Learning Center for the 1976-77 school year.” The grievance stated that it related to various sections of the collective bargaining agreement. After the first two steps of the grievance procedure failed to resolve the dispute, a demand for arbitration was submitted to the Board.
On 3 January 1977, the Board filed a complaint for a temporary restraining order and an injunction prohibiting the submission of the grievance to arbitration. The Board also requested a declaratory judgment that the Board was without authority to “. . . delegate to an arbitrator . the right to order the Board to renew a nontenured, probationary instructor’s contract without an affirmative recommendation of the Superintendent and . that the Board does not have authority to order the Superintendent to make an affirmative recommendation. . . The appellants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a cause of action. A nonevidentiary hearing was held and the court issued an order taking appellants’ motion to dismiss under advisement and temporarily restraining appellants from pursuing arbitration pending the final order of the court. The appellants filed a notice of interlocutory appeal from the temporary restraining order. While the interlocutory appeal was pending in this court, and without further pleadings or hearings, the trial court rendered its final order. Appellants filed a notice of appeal from the final order. The appeals were consolidated by order of this court.
Firstly, we note that the circuit court had no jurisdiction to enter its final order granting permanent injunctive relief and declaring the rights of the parties while the interlocutory appeal from the temporary restraining order was pending in this Court. De La Portilla v. De La Portilla, 304 So.2d 116 (Fla.1974).
Secondly, injunctive relief must be predicated upon a finding that the party seeking such relief has no adequate remedy at law and will suffer irreparable injury if such relief is not granted. Times Publishing Company v. Williams, 222 So.2d 470 (Fla. 2d DCA 1969). The Board did not allege irreparable injury or make a showing that irreparable injury would occur should the injunctive relief not be granted. Further, the Board invoked the jurisdiction of the court pursuant to Chapter 682, the Florida Arbitration Code, and Chapter 86, the Declaratory Judgment Act. Section 682.-03(4), Florida Statutes, states the circumstances under which a court may stay arbitration proceedings:
“(4) On application the court may stay an arbitration proceeding commenced or about to be commenced if it shall find that no agreement or provision for arbitration subject to this law exists between the . . . [parties]. The court shall summarily hear and determine the issue of the making of the agreement or provision and, according to its determination, shall grant or deny the application.”
The collective bargaining agreement entered into between the Board and the LCTA was attached to the Board’s com *356 plaint. The contract provides that “any claim by an employee that there is a dispute, ... or complaint related to contractual terms and conditions of employment . . . ” shall be resolved through the grievance procedure set forth in the contract, which has as its final step binding arbitration.
The grievance filed by Ferrigno, also attached to the complaint, states that the grievance occurred on 27 and 28 April 1976. The Board’s complaint alleged that on or about 28 April, Ferrigno was advised by his principal that he would not be recommended for a teaching position for the 1976 — 77 school year. The form grievance complaint states the grievance as:
“John Ferrigno was not recommended for a teaching position at the Alternative Learning Center for the 1976 — 77 school year.”
The grievance states that it is related to, among others, Articles 10.01, 10.02, 13.04, 13.08 of the negotiated contract. Articles 13.04 and 13.08 concern the procedure to be used by the administration in evaluating employees. Article 10.01 states:
“10.01 No teacher shall be disciplined, including reprimand, suspension, with or without pay, demotion, or discharge without just cause.”
Article 10.02 states:
“10.02 If disciplinary action is to be taken against an employee based on a complaint by a parent, student, or other individual the employee shall be given a hearing before the building administrator. If a decision is rendered against the employee, the employee shall have an opportunity to respond in writing to any record that appears in the personnel file.”
The relief sought through the grievance proceeding is stated as:
“John Ferrigno be recommended for a teaching position at the Alternative Learning Center for the 1976-77 school year.
“The removal of the letter not recommending his return for the 1976-77 school year and other the other (sic) information related directly to the letter.”
In its temporary restraining order, the court stated that the arbitrator had “. . . doubtful jurisdiction to arbitrate the issue of the non-renewal of an annual contract teacher . . . ”, and therefore, Ferrigno and the LCTA were “. temporarily restrained from pursuing the arbitration of the issues in this cause.”
The grievance filed by Ferrigno does not seek to arbitrate the issue of the Board’s non-renewal of his contract. The grievance does indicate that it relates to evaluation procedures and the right of an employee to respond to complaints made against him. Clearly, any dispute regarding those issues would come under the broad language of the arbitration agreement.
This case is quite similar to one decided by the Supreme Court of Massachusetts in School Committee of Danvers v. Tyman, 360 N.E.2d 877 (Mass.1977). In that case a nontenured teacher, who was not rehired, filed a grievance which alleged a failure to follow appropriate evaluation procedures, inadequate classroom observations and evaluations, and discrimination. Arbitration was requested in accordance with the collective bargaining agreement. The School Committee filed a complaint seeking an order staying arbitration. The Committee’s argument was that arbitration of the grievance was barred because under state law the committee had an absolute power to pass on the question of whether a nontenured teacher’s contract should be renewed. The Supreme Court vacated the lower court’s order staying arbitration, stating:
“In this case, the school committee agreed to submit to arbitration on a wide range of subjects. Unless there is positive assurance that an arbitration clause is not susceptible to an interpretation that covers the asserted dispute, or unless no lawful relief conceivably can be awarded by the arbitrator, an order to arbitrate should not be denied. In this case, no occasion for a stay of the arbitration arises merely from the possibility of an arbitrator’s award which might purport to intrude into the school committee’s inviolate authority.
*357 “Any threat to the school committee’s authority has not matured yet because it is far from clear that the arbitrator’s award will encroach on the school committee’s exclusive domain.” 360 N.E.2d at 881 (cites omitted).
The injunctive orders are reversed and the cause remanded with directions to dismiss the complaint.
ERVIN, J., concurs.
BOYER, Acting C. J., concurs in part, dissents in part.