RYDER, Judge.
Manatee Education Association appeals from an order staying contractual arbitration of a dispute alleging that the lower court lacked authority to stay the proceeding in its present posture. We agree and reverse.
A dispute arose between the parties regarding the meaning of a section of the collective bargaining agreement concerning priority of currently employed teachers in seeking intersystem transfer to vacancies. Appellant Association filed a grievance regarding the dispute and commenced binding arbitration under a portion of the collective bargaining agreement which provided:
In the event the grievant wishes to appeal the decision of the School Board, the grievant ... may request that the grievance be submitted to arbitration within ten (10) days of the step 3 decision. Written notice of this action shall be submitted to the superintendent.. .. Decisions by the arbitrator shall be final and binding on the parties.
Appellee School Board obtained a stay of arbitration proceedings in circuit court. The court noted that section 230.33(7)(g), Florida Statutes (1979), gave the school superintendent unfettered discretion in staffing the system. Thus, no collective bargaining provision to the contrary could prevail and the arbitration was unlawful.
Section 682.03(4), Florida Statutes (1979), provides that a court may stay an arbitration proceeding if it finds that no agreement for arbitration exists between the parties. There is no dispute below that an agreement for arbitration exists between the parties. Appellee suggests that the result of the dispute cannot be in favor of the construction advanced by appellant, since that would be contrary to the statutory authority of the superintendent. Appellee points out that some statutory duties cannot be contracted in collective bargaining, as this court found in Lake County Education Association v. School Board of Lake County, 360 So.2d 1280 (Fla. 2d DCA 1978), and suggests that the transfer of personnel was likewise not bargainable.
We hold the situation below more akin to that in Leon County Classroom Teachers Association v. School Board of Leon County, 363 So.2d 353 (Fla. 1st DCA 1978), in which the court permitted arbitration, even though a possible decision might be unlawful. Seeking to stay the proceeding below before arbitration, appellee cries “ouch” before being hurt. Appellee has the right to seek to vacate an award after the arbitrator has ruled, as was the posture of Lake County, supra. Section 682.13(l)(c), Fla.Stat. (1979). Appellee bargained for the arbitration provision and now must comply with the agreement before going to court.
*187 The order staying arbitration is REVERSED and the case REMANDED with direction to dismiss the complaint.
SCHEB, C. J., and GRIMES, J., concur.