PER CURIAM.
The final judgment under review is affirmed upon a holding that the action herein is barred by a general unconditional release given by the plaintiffs herein in full settlement of the claims asserted below. There was only one tortfeasor in the instant negligence action, the defendant Cesario Aguiar who was the insured under two separate insurance policies covering this tort incident — one with South Carolina Insurance Company and one with the defendant Travelers Insurance Company. The plaintiffs have since settled their claims against the defendant Aguiar for valuable consideration [$10,000] and have given a general, unconditional release to one of the defendant Aguiar’s insurers [South Carolina Insurance Company] which necessarily releases the defendant Aguiar as the sole tortfeasor in this incident. The settlement and release forever bars the plaintiffs from asserting the same claims below against the defendant Aguiar and his additional insurer, the defendant Travelers Insurance Company. Genung v. Loftin, 152 Fla. 759, 13 So.2d 149 (1943); D.F.S., Inc. v. Beasley Crane Service & Sales, Inc., 251 So.2d 727 (Fla. 2d DCA), cert. denied, 255 So.2d 682 (Fla.1971). This is not a case involving a general release of one of several joint tort-feasors, as only one tortfeasor is involved herein; as such, Hurt v. Leatherby Insurance Co., 380 So.2d 432 (Fla.1980), is entirely inapplicable to this case.
Affirmed.