484 So.2d 610 (1986)
EUGENE W. KELSEY & SON, INC., etc., Appellant,
v.
ARCHITECTURAL OPENINGS, INC., Appellee.
No. 85-72.
District Court of Appeal of Florida, Fifth District.
January 30, 1986.
Rehearing Denied March 10, 1986.
Christopher K. Kay, and James E. Alderman of Swann and Haddock, P.A., Orlando, for appellant.
Leslie King O'Neal of Markel, McDonough & O'Neal, Orlando, for appellee.
UPCHURCH, Judge.
This is an appeal from an arbitration award. The appellant, Kelsey and Son, contends that its oral agreement with appellee, Architectural Openings, was not *611 covered by the arbitration provisions contained in a separate written subcontract between the same parties. We agree and reverse.
Kelsey and Son was awarded a contract to build two dormitories at the Naval Training Center in Orlando. As general contractor, Kelsey and Son entered into a written subcontract with Architectural Openings for constructing and installing hollow metal doors in the dormitories. The subcontract for the metal doors was written on a standard AIA[1] form and included an arbitration clause. At the same time, Kelsey and Son subcontracted with another firm to manufacture wooden wardrobe units for the dormitories. The Navy rejected the wooden wardrobes and advised Kelsey and Son that the wardrobes had to be manufactured from metal. After negotiating with Kelsey and Son, Architectural Openings submitted a metal wardrobe sample which the Navy approved. Architectural Openings commenced working on the wardrobes without entering into a written contract with Kelsey and Son. Kelsey and Son did submit a written change order to Architectural Openings, but this order was never accepted.
When a payment dispute arose over both projects, Kelsey and Son filed a complaint for breach of contract. Architectural Openings then filed an arbitration claim with a motion to compel arbitration based on the original subcontract for the doors and the written change order for the wardrobes. Under this original claim, Architectural Openings stated that costs for fabrication of the wardrobes was not to exceed the $180,000 limit specified in the change order.[2] After the motion to compel was granted, Architectural Openings filed an amended claim for arbitration stating that the wardrobe subcontract was based upon an oral agreement. The amended complaint sought payment on a cost plus basis for manufacturing the wardrobes without the $180,000 limit set forth in the change order. After an arbitration hearing on both projects, the arbitrator awarded Architectural Openings $362,099 plus interest from which counterclaims by Kelsey and Son were subtracted for a total award of $178,191.23. Kelsey and Son then filed a motion with the circuit court to vacate the award on grounds that the oral agreement could not be arbitrated or that the award could not exceed the $180,000 limit set forth in the written change order. After the court affirmed the arbitration award, Kelsey and Son appealed, contesting that portion of the award applicable to the wardrobe units.
The issue before us is whether the agreement to build the wardrobe units was properly submitted to arbitration. Under Florida law, arbitration agreements are contractual in nature and therefore they must fulfill the requirements of a contract to be enforceable. R.W. Roberts Construction Co. v. St. Johns River Water Management Dist., 423 So.2d 630 (Fla. 5th DCA 1982). The issue of arbitrability is a question for the court to be determined by the contract entered into by the parties. Drake Bakeries v. Bakery Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962). In order for a dispute to be arbitrable, a written contract must show the parties' intent to submit to arbitration. § 682.02, Fla. Stat. (1983).
There is no dispute that the subcontract involving the wardrobe units was an oral agreement, but Architectural Openings contends that the oral agreement arose from the written subcontract and is covered by its arbitration provisions. We disagree. The oral and written subcontracts were separate agreements. Arbitration provisions from one contract cannot be extended to a separate contract between the same parties unless the parties expressly agree to do so. Paine, Webber, Jackson & Curtis v. Lucas, 411 So.2d 1369 (Fla. 5th *612 DCA 1982); Frank Rooney, Inc. v. Charles Ackerman of Florida, 219 So.2d 110, (Fla. 3d DCA), cert. dismissed, 230 So.2d 13 (Fla. 1969). In Paine, Webber, Jackson & Curtis, this court held that arbitration could not be based on an arbitration clause in a commodity account where the controversy arose from a separate cash fund account with no arbitration clause, even though both accounts involved the same client and brokerage firm.
In the instant case, the oral subcontract for the wardrobe units is a separate agreement which did not incorporate the provisions for arbitration from the original written subcontract. Architectural Openings is attempting to ride two horses. It cannot rely on the change order to compel arbitration and then deny its existence by relying on an oral agreement. Since the oral subcontract is not subject to arbitration, the portion of the arbitration award applicable to it is reversed and the parties are left to their ordinary remedies for breach of contract.
REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] American Institute of Architecture.
[2] Evidence from the arbitration hearing indicates that Architectural Openings drew on the $180,000 specified in the change order in submitting bills and they never notified Kelsey and Son that costs would exceed the $180,000 limit until the amended claim was filed.