SCHWARTZ, Chief Judge.
The appellant, Callejas, is a real estate salesman formerly employed by the Keyes Co., a registered broker. He sued Keyes to recover the salesman’s share of a commission it had collected. Keyes responded with a motion to compel arbitration of the claim on the basis of the following provision of an agreement Callejas signed at the commencement of his employment:
All intra-company disputes, including those with subsidiaries and affiliates of the company, regarding listings, commissions, or company policies and procedures are resolved by company arbitration, if the sale associates and managers involved in the transaction are unable to resolve the matter directly between themselves. The final decision on all in-tra-company disputes rests with the company, and all associates must abide by the company’s decision.[1]
In the order now under review pursuant to Fla.R.App.P. 9.130(a)(3)(C)(v), the trial court granted the motion to compel arbitration.
It is clear on the face of it that the arbitration clause invoked by the defendant does not apply to this case. It concerns only “intra-company” controversies between employees or subsidiaries of Keyes; the instant action is one between a former employee and Keyes itself — a dispute which quite obviously could not appropriately be “arbitrated,” as provided by the agreement, by one of the litigants in question. Thus, the order requiring arbitration (by the defendant of an action against it) must be reversed. See Pacemaker Corp. v. Euster, 357 So.2d 208 (Fla. 3d DCA 1978); Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982).
Dehors the pertinent pleadings below, Keyes has indicated to us that, in fact, it is a mere stakeholder of the claimed portion of the commission which it admits it owes either to Callejas or to another salesperson. Accordingly, we expressly provide that our present disposition is without prejudice to any appropriate consistent proceedings in which the merits and consequences of this position may be determined.
Reversed and remanded with directions.

. The provision goes on to state:
If there is a dispute that cannot be resolved directly between the sales associates and managers, your District Sales Manager will notify the General Sales Manager. If the General Sales Manager is unable to resolve the dispute, he will schedule an arbitration hearing. The arbitration panel consists of disinterested, impartial company officers. At the hearing, each party to the dispute will have an opportunity to tell his or her side of the story, present documentary evidence and ask questions of opposing parties. Based upon the testimony of the parties and the evidence submitted, the arbitration panel will render a decision which is binding on the parties.
When an arbitration hearing is scheduled, the parties involved in this dispute will be notified and are expected to attend. Failure to attend an arbitration hearing after notification has been given may result in an award to the parties present. If you are unable to attend the arbitration hearing, you must give at least five days’ notice thereof to all parties involved in the arbitration, including the arbitration panel. Upon receipt of timely notice, the General Sales Manager will schedule a new hearing date.