COWART, Judge.
In 1981, as consideration for the issuance of certain construction performance bonds to a contractor, the surety required the principals of the contractor to enter into a General Agreement of Indemnity dated August 3, 1981, by which the indemnitors agreed to indemnify and save the surety harmless from all claims and expenses the surety might be required to pay as a result of executing the bonds. This General Agreement of Indemnity contains no provision for arbitration. Later the contractor encountered cash flow problems in connection with certain bonded projects as a result of which, at the request of the contractor and indemnitors, the surety advanced certain funds to evidence an agreement between the surety, the contractor, and the indemnitors relating to the surety advancing certain funds to enable the contractor to complete performance on certain bonded projects. The parties entered into an agreement dated December 30, 1985 in which agreement the contractor and the indemnitors reaffirmed their obligations under a General Agreement of Indemnity dated October 7, 1980.[1] The agreement of December 30, 1985 contained an arbitration provision and also provided that except to the extent set forth therein, nothing in the agreement waived, prejudiced, or affected any right of the surety under the General Agreement of Indemnity executed by the contractor and indemnitors. This latter agreement provided that “[a]ny disagreement or dispute regarding this Agreement shall be determined by arbitration ...
The surety filed a law action basing its cause of action on the General Agreement of Indemnity dated August 3, 1981. The defendants filed a Notice of Intent to Arbitrate and Demand for Arbitration on the basis that the surety’s claim was based on the subsequent agreement which provided for arbitration. The trial court entered an *138 order compelling arbitration. The surety appeals. We reverse. See Kelsey & Son, Inc. v. Architectural Openings, Inc., 484 So.2d 610 (Fla. 5th DCA 1986), rev. denied, 492 So.2d 1330 (Fla.1986) and Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982). The surety’s complaint states a cause of action based on the General Agreement of Indemnity which does not provide for arbitration. Merely because the 1985 agreement, which provided for arbitration, arose out of the relationship of the parties, to which the General Agreement of Indemnity also related, does not mean that the surety’s right to file an action at law to enforce its rights under the General Agreement of Indemnity dated August 3, 1981 was waived or modified by the arbitration provision contained in the 1985 agreement which provision clearly related to disagreements or disputes regarding the 1985 agreement.
The order compelling arbitration is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
ORFINGER and DANIEL, JJ., concur.

. We note, but do not understand, the inconsistency between the General Agreement of Indemnity dated August 3, 1981, which is in the record, and the reference in the subsequent agreement, dated December 30, 1983 to a General Agreement of Indemnity dated October 7, 1980.