578 So.2d 368 (1991)
KIMBRELL & HAMANN, P.A., Appellant,
v.
POPHAM, HAIK, SCHNOBRICH & KAUFMAN, LTD., Frank A. Shepherd, R. Benjamine Reid, Patricia H. Thompson, Stuart J. McGregor, Robert E. Dady, Bruce C. King, Paul T. Reid, and Douglas Chumbley, Appellees.
Nos. 90-2169, 90-2170.
District Court of Appeal of Florida, Third District.
April 9, 1991.
*369 Kelly, Black, Black, Byrne, Beasley & Bales, P.A., Daniels & Talisman, P.A., and Patrice A. Talisman, Miami, for appellant.
Kenny Nachwalter Seymour & Arnold, P.A., and Michael Nachwalter and Scott E. Perwin, Miami, for appellees.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
In consolidated appeals, Kimbrell & Hamann, P.A. (K & H), appeal from nonfinal orders compelling arbitration. For the following reasons, we affirm in part, reverse in part, and remand.
K & H filed a civil action charging appellees, former employees[1] of K & H, with undisclosed dual agency, breach of fiduciary duty, misappropriation of trade secrets, and tortious interference with beneficial business relationships.[2] The appellees served a demand for arbitration[3] and statement of claims on K & H for unpaid salary, reimbursement of expenses, pension and profit-sharing benefits, and deferred compensation. In their claims for deferred compensation, appellees alleged that paragraph 8[4] of their employment agreements with K & H was void and unenforceable.
K & H agreed that the issues of unpaid salary, pension and profit-sharing benefits, expenses, and the amount of deferred compensation due under paragraph 8 were arbitrable. *370 However, K & H asserted that it was not within the arbitrator's power to declare the deferred compensation provision of the employment agreements void. K & H further asserted that the claims alleged by K & H against appellees in their capacity as officers and director of K & H were not arbitrable because they did not relate to appellees' employment agreements. At a hearing on appellees' motions to compel arbitration, the trial court held that all of the claims between K & H and the individual defendants should be arbitrated.
The claims for breach of fiduciary duty asserted by K & H against Shepherd, Reid, and Thompson in their capacity as officers and director of K & H are not arbitrable. "Arbitration provisions from one contract cannot be extended to a separate contract between the same parties unless the parties expressly agree to do so." Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc., 484 So.2d 610, 611 (Fla. 5th DCA), rev. denied, 492 So.2d 1330 (Fla. 1986). See Pacemaker Corp. v. Euster, 357 So.2d 208 (Fla. 3d DCA 1978) (disputes or claims on matters outside scope of arbitration agreement are not subject to arbitration). The agreements containing the arbitration provision relate solely to the employment of attorneys to render legal services on behalf of K & H. Counts VI, VII, and VIII of K & H's complaint, however, allege that Shepherd, Reid, and Thompson breached duties owed to K & H as officers and director of the corporation, not as attorneys. The trial court erred by compelling arbitration of these claims. See Callejas v. Keyes Co., 485 So.2d 6 (Fla. 3d DCA 1986) (arbitration clause invoked by real estate broker concerning intracompany disputes between employees of broker did not apply to action between former employee and broker).
The trial court properly compelled arbitration with respect to the issue of appellees' right to deferred compensation. Paragraph 8 of appellees' employment agreements provides that an employee who withdraws from K & H to engage in a practice that would compete with K & H for clients and legal business is entitled to receive 60% of his average annual salary over a four-year period. Paragraph 6 of the same contract provides that an employee who retires or withdraws to engage in a noncompetitive enterprise receives 200% of his average annual salary over a ten-year period. Appellees alleged in their statement of claims that paragraph 8 constitutes a financial penalty restricting their right to practice law which is a violation of Rule 4-5.6(a) of the Rules Regulating the Florida Bar. K & H alleged that, because the issue raised by appellees involves questions of public policy, arbitration is improper.
The appellees' claims for deferred compensation clearly "relate to" their respective employment agreements each of which contained an arbitration provision. We are aware that the appellees' claims may implicate issues of public policy. The involvement of such issues, however, is not sufficient to remove the appellees' claims from the arbitrator's forum to the judicial forum. The arbitrator may, therefore, determine whether the deferred compensation agreement constitutes a financial penalty that impermissibly restricts the appellees' rights to practice law in contravention of Rule 4-5.6(a). There is no indication in the Rules Regulating the Florida Bar that the Florida Supreme Court is the sole forum entrusted with their interpretation.[5]Cf. Sabates v. Int'l Medical Centers, Inc., 450 So.2d 514, 518 (Fla. 3d DCA 1984) (civil theft claims properly subject of arbitration where statute itself "contains no indication that the legislature intended such claims to be within the exclusive province of the courts... ."). Moreover, the issue to be arbitrated is "neither complex nor beyond the ken of arbitrators" and any incidental effect upon the public policy of the state is insufficient "to overcome the parties' agreement to arbitrate or to bring this *371 [issue] within that narrow class of cases that have been excepted from arbitration on public policy grounds." Id.[6]See generally Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359 (Fla. 1st DCA 1989) (in case of particularly broad arbitration clause, only most forceful evidence of purpose to exclude claim from arbitration can prevail); Sprinzen v. Nomberg, 46 N.Y.2d 623, 415 N.Y.S.2d 974, 389 N.E.2d 456 (1979) (preservation of arbitration process and policy of allowing parties to choose nonjudicial forum, embedded in freedom of contract, must not be disturbed by courts acting under guise of public policy; arguably, every controversy has at its core some issue requiring application of policy considerations).
Accordingly, we conclude that appellees' claims for deferred compensation are subject to arbitration, but that appellants' claims for breach of fiduciary duty against appellees Shepherd, Reid, and Thompson are not.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
NOTES
[1] Each of the former employees was an attorney for K & H. Appellees Shepherd and Reid were also officers of K & H, and Thompson was also a director of K & H.
[2] The claims relating to Popham, Haik, Schnobrich & Kaufman, Ltd., the law firm which now employs the former K & H attorneys, have been stayed pending resolution of claims in arbitration.
[3] Paragraph 16 of appellees' employment agreements with K & H provide for arbitration "[s]hould any controversy arise between the parties relating to this agreement... ."
[4] Paragraph 8 provides in part: "Employee shall receive ... as of the date of competitive withdrawal ... deferred compensation ... in a sum equal to 60% of his calendar year compensation received from Employer averaged over the three (3) years preceding the termination of employment."
[5] These are breach of contract claims, not claims to invoke disciplinary proceedings under the Rules of Professional Conduct. Were they such disciplinary proceedings, the Florida Supreme Court would have exclusive jurisdiction.
[6] We emphasize that both paragraph 8 and the broadly worded arbitration provision were freely negotiated between experienced members of the legal profession. Both parties must comply with their bargained-for agreement. See Manatee Educ. Ass'n v. School Bd. of Manatee County, 400 So.2d 185 (Fla. 2d DCA 1981).