PER CURIAM.
The final summary judgment entered in the declaratory judgment action below is reversed, and the cause is remanded to the trial court with directions to grant the relief requested in the complaint for declaratory decree and to enjoin the arbitration proceedings in this cause. We reach this result based on the following briefly stated legal analysis.
First, the parties entered into two separate written contracts, both of which were separately signed by the parties. The first contract was a corporate command account agreement which contained no arbitration clause; the second contract was a securities account agreement which contained an arbitration clause. Contrary to the argument of Prudential-Bache Securities, Inc. [Prudential-Bache], these two written, separately signed agreements are not, in reality, one contract. Both agreements cover different subsidiary accounts which Jack Weiss, Caroline Weiss, and Royal Trust Tower, Ltd. [Weiss] had with Prudential-Bache, and neither incorporates the other by reference. See Eugene W. Kelsey & Son v. Architectural Openings, Inc., 484 So.2d 610, 611 (Fla. 5th DCA), rev. denied, 492 So.2d 1330 (Fla.1986); Paine Webber Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369, 1370 (Fla. 5th DCA 1982).
Second, Prudential-Bache filed an arbitration claim against Weiss in which it sought to recover monies it allegedly failed to debit from the Weiss’ corporate command account after Weiss had allegedly written a check on this account. Because *772 the Weiss’ account on which the check was drawn was covered solely by the corporate command account agreement which contained no arbitration clause, and the subject dispute does not involve the “purchase or sale of securities or commodities” specifically covered by the securities account agreement containing the arbitration clause, it follows that Prudential-Bache’s claim herein is not subject to arbitration and Weiss is entitled to a declaratory judgment to that effect; moreover, Weiss is further entitled to an injunction restraining the arbitration of such claim. See Kimbrell & Hamann, P.A. v. Popham, Haik, Schinobrich & Kaufman, Ltd., 578 So.2d 368, 370 (Fla. 3d DCA 1991); Callejas v. Keyes, 485 So.2d 6, 7 (Fla. 3d DCA 1986); Pacemaker Corp. v. Euster, 357 So.2d 208, 210 (Fla. 3d DCA 1978).
Reversed and remanded.