637 So.2d 59 (1994)
ALL AMERICAN SEMICONDUCTOR, INC., Appellant,
v.
UNISYS CORPORATION, Appellee.
No. 93-2721.
District Court of Appeal of Florida, Third District.
May 17, 1994.
Rubin, Baum, Levin, Constant, Friedman & Bilzin, and David W. Trench, Miami, for appellant.
Herzfeld & Rubin, Larry E. Metz, and Jeffrey B. Shapiro, Miami, for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, All American Semiconductor, Inc., appeals a non-final order compelling arbitration and staying proceedings. We reverse.
Appellant's ultimate[1] complaint against appellee, Unisys Corporation, alleged theories of fraud, negligent misrepresentation and breach of express and implied warranties. Essentially, appellant claimed that appellee's product did not perform as represented.
Appellee sought arbitration through a second, yet different, agreement that appellant and appellee executed. This second agreement contained an arbitration provision. The trial court, based upon this second agreement, stayed the case and compelled arbitration.
Although arbitration clauses are generally favored, the clause must refer to the subject matter being contested. In that light, we must first determine if the parties *60 agreed to arbitrate the dispute in question. Therefore, even though the parties had one agreement to arbitrate some claims, not all claims are subject to arbitration. Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc., 484 So.2d 610, 611 (Fla. 5th DCA), review denied, 492 So.2d 1330 (Fla. 1986).
One contract cannot be extended to a separate contract between the same parties unless the parties expressly agree to arbitrate. Kimbrell & Hamann, P.A. v. Popham, Haik, Schnobrich & Kaufman, Ltd., 578 So.2d 368 (Fla. 3d DCA 1991); Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982). See also Necchi S.p.A. v. Necchi Sewing Machine Sales Corp., 348 F.2d 693 (2d Cir.1965), cert. denied, 383 U.S. 909, 86 S.Ct. 892, 15 L.Ed.2d 664 (1966).
We determine that, here, the parties did not contract to arbitrate appellant's claims. Appellant's complaint flows from a relationship and agreement outside the scope of the second and distinct agreement. We therefore reverse the order compelling arbitration and remand for further proceedings.
Reversed and remanded.
NOTES
[1] Although appellant originally sued on a second theory concerning a service and maintenance agreement, appellant voluntarily dismissed that count and proceeded only on the fraud, negligent misrepresentation and breach of warranty theories.