PATTERSON, Acting Chief Judge.
Ronald Fowler appeals from an interlocutory order which abates this action and refers the matter to arbitration. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). Because there is no arbitration agreement in effect between the parties, we reverse and remand for further proceedings in the trial court.
This dispute arises out of the shareholder agreements between appellee David Watts and appellant Ronald Fowler. Watts and Fowler formed two corporations, Thrill Technology, Inc. (Thrill) and appellee Interactive Attractions, Inc. (Interactive). The corporations’ stock was initially divided 50/50 between Watts and Fowler. Each corporation had separate shareholders’ agreements, both of which contained arbitration provisions. In April 1994, the parties executed a “Shareholders’ Agreement With Transfer Restrictions And Management Provisions” (the current shareholders’ agreement) whereby stock ownership was adjusted in Interactive so that as a result Watts owned 75% of the company and Fowler owned 25%. Soon after executing the April 1994 agreement, various disputes arose between Watts and Fowler.
On July 18, 1994, Watts and Interactive filed an action against Fowler for tortious removal of corporate property and tortious interference with business relationships. Fowler filed his answer, affirmative defenses, and counterclaim on August 5, 1994. On August 25, 1994, the trial court heard and granted the appellees’ motion to abate the proceeding to permit arbitration. In an order entered September 2, 1994, the court ordered the parties to arbitrate the dispute in accordance with the parties’ agreement.[1] Fowler challenges the order on several grounds, and we reverse based on his argument that no arbitration clause is in effect between Fowler, Watts, and Interactive.
The current shareholders’ agreement of April 12, 1994, is between Watts, Fowler, Thrill, and Interactive. It contains no arbitration provision pertaining to appellee Interactive. The current shareholders’ agreement states that it supplements the June 9, 1992, agreement between Watts, Fowler, and Thrill. It does not mention the July 13, 1993, agreement between Watts, Fowler, and Interactive, and the current agreement contains no arbitration provision. Although the Interactive agreement of July 13, 1993, contained an arbitration clause, the current agreement states in paragraph 1:
This Agreement is intended to supplement the Shareholders’ Management Agreement executed by and among Watts, Fowler and Thrill on or about June 9, 1992 and is intended to replace all other shareholders’ agreements, oral or written, made among the parties prior to the date of this Agreement, other than those agreements reflecting the repayment of monies previously advanced or loaned to the corporations by Watts.
(Emphasis supplied.) Thus, there is no arbitration clause in effect with respect to Interactive, because the current shareholders’ agreement (with no arbitration provision) replaced the earlier Interactive agreement that contained an arbitration clause.
Without an arbitration clause in effect between the parties which governs their dispute, the trial court erred in staying the proceedings and ordering arbitration. See All Am. Semiconductor, Inc. v. Unisys Corp., 637 So.2d 59 (Fla. 3d DCA 1994); Katzin v. Mansdorf, 624 So.2d 810 (Fla. 3d DCA 1993). Accordingly, we reverse the order appealed and remand for further proceedings in the trial court.
Reversed and remanded.
ALTENBERND and LAZZARA, JJ., concur.

. On that same day, the arbitration hearing was held.