662 So.2d 365 (1995)
Elton LEE, et al., Appellants,
v.
ALL FLORIDA CONSTRUCTION CO., etc., Appellee.
No. 95-814.
District Court of Appeal of Florida, Third District.
September 13, 1995.
Rehearing Denied November 21, 1995.
*366 Monroe Dixon and Scott B. Ramo, Miami, for appellants.
Siegfried, Rivera, Lerner & De La Torre and H. Hugh McConnell, Coral Gables, for appellee.
Before HUBBART, JORGENSON and GERSTEN, JJ.
JORGENSON, Judge.
Homeowners Elton and Barbara Lee appeal from an order confirming an arbitration award. For the following reasons, we reverse.
On August 14, 1992, the Lees contracted with All Florida Construction to build a recreation room and screen enclosure onto their home. The contract provided for mandatory arbitration if a dispute arose relating to that construction. After Hurricane Andrew damaged their home, the Lees signed another contract with All Florida Construction to repair the storm damage. That contract did not contain an arbitration clause, and did not refer to or incorporate the earlier agreement for the home addition.
The repairs and the addition proceeded simultaneously; as the projects neared completion, a dispute arose as to the quality and sufficiency of the work. In January, 1994, the contractor filed a single construction lien on the property for amounts claimed under both contracts, filed a demand for arbitration, and then sued to foreclose the lien and to recover damages for breach of contract. The homeowners moved to dismiss the foreclosure complaint on the ground that the contractor had wrongfully filed a single claim of lien for amounts due under two separate contracts. The homeowners also moved to stay arbitration on the ground that the hurricane repair contract did not contain an arbitration clause. The contractor moved to stay the foreclosure proceedings pending completion of the arbitration.
Court-ordered arbitration relating to both projects occurred in November, 1994 over the repeated objections of the homeowners. An arbitration award was rendered, ordering the homeowners to pay the contractor $39,214.20 plus costs and fees. The trial court confirmed the arbitration award, denied the owners' motion to vacate the arbitration award, and denied the homeowners' motion to dismiss the foreclosure action.
The trial court erred in confirming the arbitration award, as the parties had agreed to arbitrate only those claims relating to the contract for the addition to their home, and had not agreed to arbitrate claims relating to the contract for hurricane repairs. Where parties enter into two separate contracts and only one contract contains an arbitration clause, the parties cannot be compelled to arbitrate disputes arising from the contract that does not call for arbitration. All American Semiconductor, Inc. v. Unisys Corp., 637 So.2d 59, 60 (Fla. 3d DCA 1994); Kimbrell & Hamann, P.A. v. Popham, Haik, Schnobrich & Kaufman, Ltd., 578 So.2d 368 (Fla. 3d DCA 1991). The two contracts related to the same structure; the repairs for the storm damage by necessity overlapped the construction of the recreation room and screen enclosure. Nevertheless, the parties had executed two distinct contracts for the two work projects, and could only be compelled to arbitrate disputes that arose from the contract with the mandatory arbitration clause.
Moreover, because the two contracts were distinct, the contractor was required to file two claims of lien even though the work was done on the same structure. A single claim of lien may be filed "for more than one improvement under the same direct *367 contract." § 713.09, Fla. Stat. (1993). However, where the arrangements between the owner and the contractor for various projects do not arise from the "same direct contract," a single claim of lien is improper. Kettles v. Charter Mortgage Co., 337 So.2d 1012, 1014 (Fla. 3d DCA 1976). Accordingly, the trial court erred in denying the owners' motion to dismiss the action to foreclose on the mechanic's lien.
In sum, we: 1) reverse the order confirming the arbitration award; 2) remand with directions to the trial court to order a new arbitration proceeding only as to the contract for the home addition; 3) reverse the order denying the owners' motion to dismiss the action to foreclose on the mechanic's lien; and 4) remand for further proceedings on the contractor's claim against the owners for breach of the hurricane repair contract.[1]
Reversed and remanded with directions.
NOTES
[1] See Oper v. Russell, Inc., 197 So.2d 13 (Fla. 3d DCA), cert. denied, 201 So.2d 552 (Fla. 1967) (contractor's breach of contract action survives dismissal of invalid claim to foreclose mechanic's lien).